1808.

Saturday,
December
31st.

Lessee of HILL *against* WEST and others.

After suit
brought, one
of the de-
fendants
dies, and
judgment
is entered
against both.
Error is
brought to a
superior
court,
where the
writ is non
prossed;
and then up-
on error
*coram vobis,*
the death of
one of the
defendants
before judg-
ment, as-
signed.
Amendment
permitted,
by entering a
suggestion
of the de-
fendant's
death, with
the same ef-
fect as if it
had been
done before
judgment.

AN amicable ejectment was brought by the plaintiff against the defendants, to *March* term 1798 of this court, for some lots in *Philadelphia,* with a view, by trying the title, to determine to which party the commonwealth should grant a patent. A case was finally made for the opinion of the court; and after argument it was decided for the plaintiff, by three judges against one, and a judgment entered accordingly at *December* term 1804. A writ of error was brought to the high court; but for want of an agreement below to turn the case into a special verdict, the defendants lost the benefit of their writ, and suffered a *non pros.* They then brought error *coram vobis,* and assigned for error the death of *Nicholas Young,* one of the defendants, in *August* 1798.

*Hallowell,* on a former day, obtained a rule to shew cause why the record should not be amended by entering at this time a suggestion of the defendant's death, with the same effect as if it had been done before judgment.

In support of the rule, he now argued that it was a matter of course to permit an amendment of this kind to attain the real justice of the case. The stage of the cause at which the motion is made is immaterial; for amendments may be made at any time, if the record is in court; as, after error from a court in *Ireland* to a court in *England; Clements* v. *Walker (a),* or from a base court to a superior one. *Daubers* v. *Pender (b).* So after error for a verdict and judgment beyond the damages in the declaration, there may be an amendment by *remittitur; Pickwood* v. *Wright(c), Fury* v. *Stone (d);* and the *postea* may be amended by the judge's notes; *Doe* v. *Perkins (e).* This very kind of amendment has been allowed. As where one of two plaintiffs died before interlocutory judgment, and the suit went on to execution in the name of both; after a motion to set aside the proceedings for irregularity, a suggestion of the death was permitted on the roll. *Newnham* v. *Law. (f)* The case of *Hamilton* v. *Holcomb (g)* is in point. The judgment was against two defendants, one being dead; error *coram vobis* brought, and amendment allowed.

(a) 4 *Burr.* 2157.          (d) 2 *Dall.* 185.          (f) 5 *D. & E.* 577.
(b) 1 *Wils.* 337.           (e) 3 *D. & E.* 749.·       (g) *Johnson's cases* 29.
(c) 1 *H. Black.* 643.

*Dallas* and *Ingersoll*, contra, admitted that amendments were generally subject to the discretion of the court; but that they were allowed only to attain the justice of the case; and that, in granting them, the court always seize upon equitable circumstances. They contended that the present amendment should therefore not be permitted, unless the party consented to terms. There was a difference of opinion among the judges of this court upon the merits; and the defendants lost the benefit of a revision, by an accidental omission in the case stated. They can never enjoy it, unless a reargument is made a condition of the amendment. And without such a condition, the amendment will not come within the spirit of the rule, under which all amendments are made; for equitable circumstances will be disregarded, and the justice of the case will not be attained. No case, however, except that of *Hamilton* v. *Holcomb* from *New York*, has ever gone so far as to allow the insertion of a new fact after *error coram vobis*. And the case of *Newnham* v. *Law*, there relied upon as in point, certainly is not in point; for error was not brought.

*Rawle* in reply. The end of the amendment is to support the substantial justice of the case; which certainly is no way affected by one of the defendants dying before judgment. If we are to be laid under terms, it must be because justice demands it. But what justice is there in granting a second argument, when the court itself did not ask it, and upon a full hearing decided three to one? If it were done in this case, amendments after verdict could never be obtained without consenting to a new trial. The power of the court is almost self-evident. Bringing error does not prevent amendments; this is a settled principle. An amendment may be made consisting of this kind of new fact, according to *Newnham* v. *Law*. This is also settled. It follows then, necessarily, that bringing error does not prevent an amendment consisting of this new fact: that is the death of one defendant before judgment.

TILGHMAN C. J. delivered the court's opinion.

This is a motion to amend the record by entering a suggestion of the death of *Nicholas Young*, one of the defendants, who died before the judgment.

1808.

Lessee
of
HILL
*v.*
WEST.

1808.

Lessee
of
HILL
v.
WEST.

The cases cited in support of the motion are sufficient to shew the power of the court; and it is a power which, generally speaking, tends very much to the promotion of justice. But the defendants' counsel contend that it ought not to be exercised in this instance, because it tends to injustice. And how do they shew this? Why by proving that when they carried this cause to the late high court of errors, they were prevented from arguing the merits, because the *case stated*, on which this court decided, did not appear on the record. This being the case, they think it hard that they should not have a second argument. As the case was fully argued, and deliberately decided in the time of the late chief justice *Shippen*, the court cannot suppose that there is any thing like hardship in the defendants being bound by that decision. We must look to the consequences of the precedents we establish. If terms of this kind are imposed on the plaintiff in this action, with what propriety can they be refused in the numerous cases which must occur where amendments in form are asked after a trial of the merits? The court feel themselves bound to adopt amendments of this nature, as far as is consistent with their lawful authority. Nor will they be disposed to fetter them with conditions, except in extraordinary cases. They are of opinion in this case that the rule should be made absolute.

                                                      Rule absolute.