## Case No. 13,065.

### SMITH v. JACKSON.

[1 Paine, 486.] [1]

Circuit Court, N. D. New York.   Sept. Term, 1825.

APPEAL—AMENDMENTS—FORM—SUBSTANCE—
WRITS—SERVICE.

1. The circuit courts, on appeal from the district courts, have power by the 32d section of the judiciary act, to allow any amendments of defects in form occurring in the court below, which could have been amended there, or to disregard them in giving judgment.

[Cited in Buchanan v. Trotter, Case No. 2,-075; Heye v. Lieman, Id. 6,445a; Tyson v. Belmont, Id. 14,315a; Elting v. Campbell, Id. 4,422.]

2. But this power does not extend to defects in substance. Such defects may however be amended in the district court, on terms. This power is more extensive than any given to the English courts. But the amendments must be made before final judgment. And this is agreeable to the state practice in such cases.

[Cited in Buchanan v. Trotter, Case No. 2,-075.]

[1] [Reported by Elijah Paine, Jr., Esq.]

3. An omission of the averment of citizenship is a defect in substance, not cured by verdict, and which cannot be amended after judgment.

4. So of the averment of the value of the property in dispute when necessary to give jurisdiction.

5. Amendments at common law were for trivial errors, and where there was something to amend by. Anciently they could be made only during the term when the error occurred in the record; afterwards they were allowed at any time pending the suit; but never after final judgment.

6. Confusion and contradiction in the English cases arising upon the various statutes of amendments and jeofails.

7. A judgment was entered in the district court of the Northern district of New-York, sitting with circuit court powers, in January, 1824, the record filed and execution issued. In September of the same year it was removed by error into the circuit court, and in January following, the district court allowed the record to be amended by inserting in the declaration the averments of citizenship, and of the value of the property in dispute, which were essential to jurisdiction: *Held,* that the amendments were irregular, and that this court would not receive them after the original record had been sent up.

8. There is no practice in this court of service of papers upon the agent of an attorney, as in the supreme court of the state.

In equity.

THOMPSON, Circuit Justice. This is a motion to set aside the judgment entered in this cause during the present term, reversing the judgment of the district court of the Northern district of this state. The motion is founded, on an allegation that the judgment was irregularly entered, being in violation of an order to stay the proceedings; and the motion is resisted on the ground, that the order was not duly served on the plaintiff's attorney. The service was upon the law agent of the attorney in the supreme court of this state, and the first question is, whether this was a good service. I think it was not. The rules of the supreme court do not govern the practice of this court. But admitting they did, the service was bad. The rule of that court would require the attorney to appoint an agent; and if he had none, the service required is, by putting up the notice in the clerk's office. But it would not follow, that the agent in that court would be the agent in this. But there was evidently a misapprehension with respect to the service of the order, and this court would set aside the rule for judgment on payment of costs, if any merits were shown on the part of the defendant in error, of which he could avail himself. It is not pretended but that the record as it now stands is erroneous, and the judgment of the district court must be reversed, unless the record is amended, and the object of setting aside the judgment of reversal, is to make way for an application for a certiorari, to bring up the amendments which have been made in the district court. The question then arises, whether those amendments would be received here, and attached to the record which has already been returned into this court upon the writ of error; and I think those amendments ought not to be received here. They were made according to my judgment irregularly, and without authority. The judgment in the district court was entered in January term, 1824. The record was filed, and execution issued on the 3d of March following. The writ of error was returned in the September term, 1824, of this court, and in the January term, 1825, of the district court, the amendments were made, which were, by allowing two averments to be inserted in the declaration. 1. That Smith the defendant was a citizen of the state of New-York. 2. That the value of the property in question was over five hundred dollars; and then receiving proof on affidavit to support these averments. It has been decided by this court, at the present term, that it cannot by mandamus compel the district court to vacate the rules for amendment, and restore the record to its original form; and if the record so amended, had come up on the writ of error, it would present a very different question from the present. [Case No. 13,-064.] This court might be bound to receive that as the only record in the cause, without any inquiry about the amendments. But as the record or a transcript thereof, has been returned, and as this court must lend its aid by a certiorari, to bring up the amended record, if it is brought up, we have a right to exercise our discretion, whether or not to lend this aid; and if the amendments were improperly made, the certiorari ought to be denied.

The inquiry then properly arises as to the power of the court over amendments. 1. At common law. 2. By statute.

The exercise of the authority of courts to amend at common law, has in the history of the judicial proceedings of the English courts undergone very considerable changes, and courts grew much more liberal on that subject, even before any provision was made by statute. Anciently the amendment could be made only in the term in which the judicial act was done and recorded; as during this term the proceeding was deemed to be in the judges' breasts, and not in the roll. Afterwards a more liberal practice was introduced, and amendments were allowed at any time pending the suit or proceedings. and whilst they were considered in fieri, and until final judgment was rendered and enrolled. But in no instance will it be found, I believe, that the court made any amendment whatever after the expiration of the term in which final judgment was given. And as to what amendments the courts would make at common law, there seems to be much confusion and uncertainty. As it was a matter in some measure of discretion, liberal judges would allow amendments that more scrupulous ones would not. The amendments, however, made at common law were

generally speaking, of trivial errors, and then only where there was something to amend by. It is unnecessary however to pursue this inquiry, for the amendments made in this case were a year after final judgment, and so, clearly not within any common law powers of the court.

2. The limited powers of the courts at common law, gave rise in England to the various statutes of amendments and jeofails. Those in England are I believe twelve or thirteen in number, passed at various periods, from the time of Edward the 3d to George 1st. These statutes thus passed by piecemeals, and in reference to the successive parts and steps, in the pleadings and proceedings in the cause, gave rise to almost innumerable cases on this subject, which has occasioned no little confusion, if not some contradiction. With these, however, we have no concern, any farther than they are decisions upon statutes analogous to our own. So far as any statutory provision goes, we must be governed by the act of congress on this subject. The 32d section of the judiciary act [1 Stat. 91] declares, that no summons, writ, declaration, return, process, judgment, or other proceedings, in civil causes in any of the courts of the United States, shall be abated, arrested, quashed, or reversed for any defect or want of form; but judgment shall be given without regarding matters of form, except such as shall be specially demurred to. And authority is given to the courts to amend such imperfections and wants of form, except such as shall be specially excepted to by demurrer; and they may at any time, permit either of the parties to amend any defect in the process or pleadings, upon such conditions as the said courts respectively shall, in their discretion and by their rules, prescribe. That every part of this section, except the last clause, relates to such defects as are deemed matters of form, cannot admit of a doubt. And this power over such defects of form, extends as well to the appellate court, as to the court where the proceedings have been had; not that the amendment is always actually made in the appellate court, but the defect is not to be regarded as matter of error. And the act declares, that judgment shall be given without regard to such imperfections or want of form, and no conditions are to be imposed on parties by reason of such formal defects. The last clause in the act, however, may be extended farther, and embrace matters of substance; it authorizes the court at any time, to amend any defect in the process and pleadings, upon such conditions as the court shall direct. This power is confined to the process and pleadings, and reaches all defects; it does not extend to the judgment. When, therefore, an amendment is made in substance, it must be whilst the proceedings are in fieri, and before judgment; and the court then does it upon such terms as shall be deemed just and equitable; and this is giving much greater power over amendments, than existed at common law. The court below might in this case before final judgment, have permitted the amendments upon terms as to costs, pleading anew, or issuing a venire de novo, &c. Under the English statutes of amendments and jeofails, neither the aid of a verdict, nor an amendment can extend to matters of substance, or whatever is essential to the gist of the action, but only to defects in matters of form. All matters of substance must be stated in the pleadings; and if stated, may occasion a different verdict from that given when not stated. Hence, whatever is thus essential, cannot be cured by verdict, nor introduced by way of amendment; but by the express intent of some statute allowing the amendment, or aiding the defect. It is a general and essential rule of law, that all substantial facts be stated in proper time and place, so that the other party may know what in substance he has to answer to, and prepare accordingly. Every material matter must be so clearly and directly stated, that the opposite party may put it in issue if he pleases. Much nicety may be found in the books, as to what is to be deemed form and what substance. But as it respects the present case, no doubt can exist but that the amendments were in matters of substance. That it was essential to aver, that the defendant was a citizen of a state different from that of the plaintiff, has been repeatedly decided by the supreme court of the United States; and many judgments have been reversed for this defect. This was a fact that might have been denied, and an issue joined thereon, and must be tried by a jury. If there be no such averment, there need be no such proof; and the verdict of the jury can therefore afford no inference, that there was any such proof on the trial.

In the supreme court of this state amendments have been made in matters of form, after writ of error brought; the court saying, as the record remains in the supreme court, and only a transcript is sent up, it has power to make the amendment. The statutes of this state in relation to amendments are very analogous to the English statutes. But I am persuaded the supreme court of this state would not have made the amendments which were made in this cause, and received affidavits to establish the truth of the averments; for by the express terms of the statute, such amendments only are to be made, either in the court where the judgment is given, or to which the record is removed by writ of error, as are not against the right of the matter of the suit, nor whereby the issue or trial are altered. And this is evident from the course adopted in the case of Pease v. Morgan, 7 Johns. 468. The note on which suit was brought was drawn by one of a firm; but in the declaration it was alleged to have been made by the

two, without any averment of the partnership. The court decided, that the note was not admissible in evidence, without an averment of the partnership, and that the judgment must be reversed, unless the defendant in error would have the necessary amendment made on certain terms, viz.: To pay all costs in the court below after the declaration, with leave to the plaintiff in error to plead anew, and a venire de novo to issue. And the court expressly admitted, that this was going farther than any case had as yet gone. Had the court adopted the rule which the district court pursued in the present case, the amendment would have been made, and affidavits admitted to support the averment, without directing a venire de novo to be issued. The court doubtless considered, that a jury must pass upon the fact contained in the averment. So, in the present case, the averment that the defendant was a citizen of New-York, was a material averment, and upon which the defendant might take issue, and was proper matter for a jury. As to the question of the value of property in dispute, I do not see why the same rule should not prevail; it is matter essential to give jurisdiction to the court, and a fact that might be put in issue, and which must be proved. It would seem, however, from the case of Den v. Wright, 1 Pet. [26 U. S.] 73, that after verdict in ejectment, affidavits were admitted as to the value of the property. Were it necessary to decide this point, I should reluctantly yield my assent to the doctrine of this case. But if affidavits are admissible, it must undoubtedly be before final judgment is given; and the case of Den v. Wright goes no farther. The practice of the supreme court, in admitting affidavits of the value of the matter in dispute, in order to sustain its jurisdiction on writs of error, does not apply. That court has no other mode of ascertaining the value. But admitting that affidavits might have been received by the district court as to the value of the property, at a proper stage of the cause, no authority or practice has been shown that affidavits are admissible to prove that the parties were citizens of different states. And numerous cases have occurred in the supreme court where this would most likely have been done, if such a course had been deemed proper. I am accordingly of opinion, that the amendments in the district court were improperly made, and that no certiorari ought to be allowed to bring them up as a part of the record in this cause.

The motion to set aside the judgment of reversal must, therefore, be denied.