## Nelson *against* Lloyd.

In an action against three partners, only one of whom pleaded to issue, on the trial of that issue, it is not competent for the plaintiff to give evidence of the declarations of the other partners to establish the fact of partnership. But if the defendant first gives in evidence their declarations to disprove a partnership, then the plaintiff may also give the same kind of evidence to produce a different result.

In assumpsit against three partners, all of whom were served with process, a trial, verdict and judgment against one of them, without first taking an interlocutory judgment against the other two, is erroneous. And after the judgment has been reversed, the error cannot be cured by the other two defendants coming in and confessing judgment in the original action, without the consent of their co-defendant.

ERROR to the district court of *Allegheny* county.

David Lloyd, William Hugsu, and Paul Hugus, trading in the name of David Lloyd & Co. against Samuel Fundenburgh, Ephraim Lloyd and Henry Nelson, trading in the name of Fundenburgh, Lloyd & Nelson. This was an action on the case, in assumpsit, founded upon a promissory note, dated the 8th of April 1837, for 997 dollars 37 cents, signed Lloyd, Fundenburgh & Nelson, and which was given by Ephraim Lloyd. The writ was served upon all the defendants, but Nelson alone appeared and pleaded to issue. The existence of a partnership between the defendants was a question of fact which arose in the cause, and about which much evidence was given. The defendant had given in evidence the acts and declarations of his co-defendants, to disprove the allegation of partnership, after which, the plaintiff offered to give in evidence their declarations at different times to prove the existence of the partnership: the defendant objected to this, but the court below (Grier, president) admitted the evidence, on the ground, that the defendant had made it competent, by evidence of the same kind previously given. There was a verdict and judgment for the plaintiff.

The error assigned was in rendering a judgment against one of three defendants in a joint suit, in which all had been declared against, without a judgment against the other two.

*Irwin* and *Williamson*, for plaintiff in error, cited *Chit. on Bills*, 54; 10 *Barn. & Cres.* 128; 21 *Eng. Com. Law Rep.* 41; 14 *Eng. Com. Law Rep.* 106; 6 *Pick.* 464; 10 *Johns.* 66; 14 *Johns.* 215; 5 *Pick.* 414; 3 *Stark. Ev.* 1072; 7 *Cranch* 194; 2 *Tenn. Rep.* 187; 3 *Cowen* 612; 16 *Johns.* 89; 4 *Taunt.* 752; 1 *Saund.* 291.

[Nelson v. Lloyd.]

*Findlay*, for defendant in error, cited 3 *Whart.* 46; 4 *Whart.* 18.

The opinion of the Court was delivered by

KENNEDY, J.—The main question to be decided here is, whether the plaintiffs below could lawfully proceed to trial, by a jury, against Nelson, one of the defendants below, who is the plaintiff in error, upon an issue joined on a plea in bar put in by him alone, and take a verdict and final judgment thereon against him, without first taking an interlocutory judgment by default against the other two defendants, neither of whom had appeared or pleaded to the action. The exceptions to the opinion of the court, overruling objections to the admission of evidence offered by the plaintiffs below, are of minor importance, and cannot, as we think, be sustained at any rate. Sufficient evidence was given of the execution of the note declared on, to entitle the plaintiffs below to have the fact of its execution submitted to the jury: it was, therefore, properly read in evidence to them. And as to the next exception, in relation to the admission of evidence, although it would not have been competent for the plaintiffs below to have given in evidence the declarations of Samuel Fundenburgh and Ephraim Lloyd, sued as co-defendants with Nelson, in order to prove that a partnership existed between the three, yet seeing Nelson had introduced and given in evidence the declarations of Fundenburgh and E. Lloyd for the purpose of showing that no such partnership existed, we think it was competent for the plaintiffs below to rebut this evidence so given by Nelson, by giving in evidence declarations made by Fundenburgh and E. Lloyd of an opposite tendency. Nelson certainly opened the door for the evidence himself, when perhaps he had no right strictly to claim to do so, and has, therefore, no reason to complain, if the effect of it has not met his wishes or expectations. Nelson having been permitted to give the declarations of his co-defendants in evidence, in order to support his side of the issue, could with no propriety object to their truth being tested by the ordinary means so often applied in other cases. It cannot be doubted, that the credibility, which otherwise would have been given by the jury to the declarations of Fundenburgh and E. Lloyd, given in evidence by Nelson, might be affected and impaired by their declarations contradictory thereto made at other times: because it is self-evident that the credibility to be given to their declarations made in relation to the same matter depended necessarily upon their consistency. They were not to be regarded in the same point of view, as if they had been the declarations or admissions of the plaintiffs below; which the latter could not have been permitted to repudiate or even explain by their own declarations made in relation thereto at other and different times. Though very reasonable that a party should be regarded as speaking the truth, when it is against his interest, that

[Nelson *v.* Lloyd.]

he makes a declaration or admission, and therefore shall not be permitted to impugn what he thus has said, by declarations of a contrary purport made at different times, it would be most unreasonable to hold him bound by the admissions or declarations, as in this case of his adversary, to the truth of which, he had never in any way given his assent.

Now as to the main question: and here it is proper to observe in the first place, that this action is founded upon the breach of a contract, which the plaintiffs below allege, in their declaration, was made with Nelson, the plaintiff in error, and Fundenburgh and E. Lloyd, the other two defendants, whereby the three latter *jointly* promise to pay the plaintiffs below the sum of money therein mentioned. This must be kept in mind, in order to avoid confusion and prevent misapprehension in regard to the law, which will be found to govern a case arising out of contract, under circumstances, like the present, and render the result different from what it would be, were it a case founded upon a tort. It is true that two or more defendants in an action brought upon a contract may sever in pleading, as they may in an action for a tort: for instance, one may plead in abatement, a second may demur and a third may plead in bar. 1 *Chit. Plead.* 596; *Com. Dig.* tit. Plead. F. 2. 35; *Stephens on Plead.* 298, (2 ed.;) *Vin. Abr.* 75. tit. Action, Jurisdiction, H. D. It being then the undoubted right of each defendant thus to plead separately for himself, in an action founded upon a contract, as well as in one founded upon a tort, it is clear that a judgment given against one of them upon his plea or demurrer cannot affect or bind in any way the interests of the others, though if it be in his favour, it will enure to their benefit; because the plaintiff has failed to show that they were jointly liable to him upon the contract according to his allegation. Porter *v.* Harris, 1 *Lev.* 63; Poulter *v.* Ford, 1 *Sid.* 76; S. C., 1 *Keb.* 284; *Ca. Pr. C. P.* 107; *Prac. Reg.* 102; Hannah *v.* Smith, 3 *Term Rep.* 662; Shrubb *v.* Barrett, 2 *H. Bl. Rep.* 28. The contract being entire, the plaintiff must, therefore, recover against all, if served with the original process, and cannot claim by an adverse proceeding to have a final judgment against any one, or a less number than the whole of the defendants. In such case, he, at most, is only entitled to one final judgment, which, in order to be regular, ought to be against all the defendants. Upon this principle, therefore, that he can only claim to have one final judgment, it was held by this court in the case of Williams *v.* McFall, 2 *Serg. & Rawle* 280, that the plaintiffs after having accepted of a judgment by confession from one of two defendants, for the amount of his claim in a suit brought against them upon a joint engagement, could not proceed afterwards to obtain a second judgment against the other defendant. According to the rule then of this last case, the plaintiffs below here having proceeded against Nelson and taken a final judgment against him alone, have put it out of their power to pro-

[Nelson v. Lloyd.]

ceed against Fundenburgh and E. Lloyd, the other defendants. But the defendant Nelson has a right to require, as I conceive, of the plaintiffs below, if he and the other defendants be jointly liable to pay the sum claimed by the plaintiffs below, as they have alleged, that the latter shall proceed in such manner as to obtain a judgment in chief against them jointly with himself: so that if he be made to pay the whole amount of the judgment, it will appear from the record thereof, that he is entitled to claim contribution from the other defendants. This course the plaintiffs below might have pursued; and we think it was their duty to have done so. Before they proceeded to a trial of the issue joined on the plea put in by Nelson, they had a right, and ought to have taken an interlocutory judgment against Fundenburgh and E. Lloyd by default, as they had neglected to appear to the action, after having been duly served with the process commencing it. Had they taken judgment thus against Fundenburgh and E. Lloyd, they could then have proceeded by a jury, as well to try the issue joined with Nelson, as to inquire of the damages; and in case the jury found the issue against Nelson, it would have been their duty to have assessed the damages against all the three defendants. Sir John Heydon's case, 11 *Co.* 5; Dicker *v.* Adams 2 *Bos.* & *Pull.* 163, (see 2 *Tidd's Prac.* 778—9, 926, (8th ed.); Jones *v.* Harris, 2 *Strange* 1108. It is too late now, however, for the plaintiffs below to relieve themselves from the error into which they have fallen. Their claim being founded upon contract, they cannot enter a *nolle prosequi* as to Fundenburgh and E. Lloyd after a final judgment against Nelson; nor could they have done so at any time before, unless, Fundenburgh and E. Lloyd had appeared and pleaded some matter operating so as to produce their personal discharge. If the plaintiffs below had entered a *nolle prosequi* without some such cause to warrant it, Nelson as well as Fundenburgh and E. Lloyd, would, have been thereby relieved from their claim. Noke *et al. v.* Ingham, 1 *Wilso* 89.

The judgment reversed and a *venire de novo* awarded.

After the judgment of reversal was entered in the foregoing case an application was made to the court, on behalf of the defendants in error, for leave to amend by entering judgment against Fundenburgh and E. Lloyd *nunc pro tunc.* A paper or writing purporting to be a letter of attorney from Fundenburgh and E. Lloyd to the plaintiffs below, which, it was said, authorised such a judgment to be entered if practicable and regular, was also produced and shown.

*Fidnlay,* in support of the application, cited the following authorities: Rex *v.* Mayor and Burgesses of Grampond 7 *Term Rep.* 669; Hill *v.* West, 1 *Binn.* 486; Bank of Newburg *v.* Lyman, 14 *Johns. Rep.* 219; Close *v.* Gillespy, 3 *Johns. Rep.* 526; Petrice

[Nelson v. Lloyd.]

*v.* Hannay, 3 *Term Rep.* 659; Rees *v.* Morgan, 3 *Term Rep.* 349; Darrah *v.* Warnack, 1 *Penn. Rep.* 21—2; *Burrow* 2730; *Strange* 1182; 7 *Cowen* 425, 524; 2 *Cowen* 408; 7 *Johns. Rep.* 468; *Strange* 869; 1 *Johns. Ca.* 410; 3 *Cowen* 44; 4 *Ibid.* 455; 5 *Halstead's Rep.* 222; 6 *Term Rep.* 8.

*Williamson, contra,* cited, Righter *v.* Rittenhouse, 3 *Rawle* 281; Cooper *v.* Bell, 15 *Johns. Rep.* 318; 2 *Tidd's Prac.* 1121, c. 43, also page 802; 3 *Bos. & Pull.* 321; Smith *v.* Jackson, 1 *Paine* 486; Hacket *v.* Horne, 3 *Mod. Rep.* 135; Razing *v.* Ruddack, *Cro. Eliz.* 649.

KENNEDY, J.—The object of the application seems to be to have the judgment and the proceedings of the court below so amended as that there shall be a joint judgment entered in favor of the plaintiffs below against the three persons named in their writ and declaration as defendants, for the amount of the judgment obtained ' there, against Nelson the plaintiff in error, alone. The counsel, for this purpose, have produced a power of attorney purporting to have been executed by Samuel Fundenburgh and Ephraim Lloyd, who were joined with the plaintiff in error as co-*defendants* in the commencement of the suit below, releasing to the plaintiffs below any error or errors which may be found in the judgment, or in any of the proceedings or process of the said district court in which the judgment was rendered; and authorising the said plaintiffs or their attorney to make any amendment or amendments in any part of the proceedings in said suit, and to modify and alter, with leave of the proper court, the said judgment or any part of the proceedings in the said district court, with the same effect, as if the same, so modified or altered, had been entered in proper form at the proper time. It is self evident that Fundenburgh and E. Lloyd are totally incapable of releasing, either by themselves or by their attorney, any errors in the judgment of the district court, which affect the rights and the interest of Nelson, the plaintiff in error, so that nothing can be done under the power of attorney, in this respect, that will avail the defendants in error any thing. It is also equally evident that no final judgment can be entered against Fundenburgh, E. Lloyd and Nelson jointly for any amount in favor of the defendants in error, without the consent of Nelson, or without his having joined the other two in a letter of attorney authorising it to be done. Neither is it easy to conceive how any confession of judgment, at this time, by Fundenburgh and E. Lloyd either in person or under their power of attorney could be incorporated and united with the judgment of the district court against Nelson without his consent, so as to form one entire final judgment, and one only against the three. The judgment against Nelson is a judgment against him alone upon a verdict in strict conformity thereto; and I am not aware that a judgment upon a

[Nelson v. Lloyd.]

general verdict, in conformity to it, has ever been modified or changed to the extent that would be requisite here, in order to correct the error in the court below.  None of the authorities which have been cited, go so far.  If Fundenburgh, E. Lloyd and Nelson had all united in giving a power of attorney, authorising the confession of a judgment against them in favor of the defendants in error, for the amount of their claim; and in executing such power, the judgment, through some mistake, had been entered against Nelson alone, it might doubtless, according to the principle of the authorities cited, have been corrected; and the judgment been so amended as to make it conform to the power of attorney.  But that would present a very different case from the present; and in short one bearing no analogy to it whatever.  We are unable to perceive how the amendment asked for can be made without departing from and setting aside the established rules of practice.

The application is, therefore, discharged.