## Ex parte, SANFORD.

1. A writ of error will not lie to revise an order dissolving an injunction—the remedy in such case being by appeal under the act of 1836; and if a judgment of affirmance is rendered on certificate, against the plaintiff in error and his sureties, it will be regarded as a nullity, and may be set aside at the succeeding term, on motion of one of the sureties.

This was a motion by a surety in a writ of error bond, to vacate a judgment rendered at the last term on a certificate from the clerk of the circuit court of Mobile. The motion is founded on the affidavit of Sanford, the certificate on file, and the transcript from the record from the circuit court. From the affidavit it appears that Abijah Fisk, recovered a judgment in the circuit court, for twenty-four hundred and twelve 32-100 dollars, against Thaddeus Sanford, who filed a bill in chancery to enjoin the same, and together with John B. Hogan as his surety, executed an injunction bond; at the spring term of the court of chancery, holden in 1842, the injunction was dissolved, and the bond with the order of dissolution was certified to the circuit court. That Thaddeus Sanford applied to James Sanford, the affiant, to join in a bond to review the order of dissolution, and that T. Sanford, Hogan and this affiant, thereupon entered into a bond for that purpose, before the clerk of the circuit court; but being advised that the matter could only be revised on appeal, the transcript was not removed to the Supreme Court, and the proceeding intended to be abandoned. The affiant further states, that the bond to which he has referred, is the only bond he executed with T. Sanford and Hogan, and on that he understands the judgment has been rendered.

The certificate describes the case thus; "Abijah Fisk recovered a judgment against Thaddeus Sanford and John B. Hogan for the sum of twenty-four hundred and twelve 32-100 dollars, and six per cent damages, awarded by the court of chancery, for delay, &c. besides costs of suit:" it also states the term when the judgment was rendered, the date of the bond, &c. The transcript from the circuit court is nothing more than the certificate

of the register in chancery, embodying the order of dissolution and bond for an injunction; both of which agree with the affidavit and certificate on which the judgment of this court was rendered.

DARGAN, for the motion.

G. GOLDTHWAITE, *contra.*

COLLIER, C. J.—In Russell, et al. v. Peirce, [7 Porter's Rep. 276,] we decided, that an order dissolving an injunction could not be revised on writ of error, but the only mode of bringing it before this court, was by an appeal under the act of 1836, and under the influence of that opinion the writ of error sued out in that case was dismissed. If the facts now shown by the papers before us, had been made known when the judgment on certificate was asked, we should have refused to render it, on the ground of a want of jurisdiction: *first,* because the clerk of the circuit court, was not authorised to award a writ of error to review an order in chancery. *Secondly,* because the order complained of was not revisable on error. This being the case, is it competent now, at the term after the judgment of affirmance has been rendered, to vacate it? It has been said, that during the term the records are in the breast of the court, and may be amended; but after the term, no amendment can be made, unless it be the correction of a clerical misprision. [Freeland v. Field, 6 Call's Rep. 12; Hall v. Williams, 1 Fairf. Rep. 278; State v. Calhoon, 1 Dev. & Bat. Rep. 374; Halley v. Baird, 1 H. & M. Rep. 25; see also Hopkins v. Flynn, 7 Cow. Rep. 526.] But it has been repeatedly held, that where a judgment has been rendered in which the court had no jurisdiction, it is competent for the court, at a succeeding term, to state the facts on the record, and declare the invalidity of the judgment. Thus in Hammer v. McConnell, [2 Ohio Rep. 32,] process issued against two and was served on one only, the declaration was against the party served, who alone pleaded, but the verdict and judgment was against both; the judgment was considered to be amendable at a subsequent term, by striking out the name of the defendant, who was not before the court. In Hill v. West, [1 Binn. Rep. 486,] one of the two defendants died before judgment, judgment was entered against both, and a writ of error was sued to a higher court,

where it was non-prossed; afterwards, upon error *coram vobis*, the death of one of the defendants was assigned for error, and an amendment was permitted, by entering a suggestion of the defendant's death with the same effect as if done before judgment. [See also Rudesil v. Lesene, 2 Rep. Con. Ct. 58.] So in *ex parte* Crenshaw, [15 Peters' Rep. 119,] the Supreme Court of the U. States set aside a judgment which it had rendered at a preceding term, on the ground, that the defendant in error had not been served with a citation, and did not appear.

In the present case, we cannot regard the form of the certificate as interposing an obstacle to the allowance of the motion. Its form is unusual and would lead to the conclusion that the judgment at law had been injoined, and of course all errors in the record of that case, either impliedly or expressly released. Besides, it indicates that the writ of error was intended to bring up the order of dissolution, or final decree, (had one been rendered) from what is recited in it of the " six per cent. damages for delay, &c." From all the papers which have been laid before us, we think it sufficiently apparent, that this court had no jurisdiction of the case to which the certificate refers, in the manner in which it was sought to be reviewed. The judgment of affirmance is consequently set aside and for nothing held.