## HOOD AND STINNETT v. THE BRANCH OF THE BANK OF THE STATE OF ALABAMA AT MOBILE.

1. Where a judgment is rendered against several defendants, one of whom died previous to its rendition, it may be amended on motion, by vacating it as to the deceased defendant, and continuing its vitality against the others; and where a judgment in such case is thus far vacated, and a formal judgment *nunc pro tunc* rendered against the survivors, the latter will be regarded as a continuation of, and intended to perfect the original judgment, and but one execution can issue. The informality in the judgments

would, on error, be regarded as a mere clerical misprision, amendable under the statute at the costs of the plaintiff in error.

Writ of Error to the Circuit Court of Mobile.

On the 6th of December, 1841, a judgment was rendered by the Circuit Court of Mobile, in favor of the defendant in error, against the plaintiff, and Simeon Douglass, for $423 21, the amount of a promissory note subscribed by them, together with costs. The plaintiffs in error, on the 6th of December, 1845, moved the court to vacate this judgment, on the ground, that Simeon Douglass, one of the defendants therein, was dead at the time of its rendition; whereupon the judgment was set aside as to Douglass, and an entry made of a judgment against the other parties, as of the day when the original judgment was rendered. For the refusal to vacate the judgment *in toto*, the defendants excepted, and the question of law thereupon arising, as well as on the judgment *nunc pro tunc*, are duly presented to this court for its decision.

P. PHILLIPS, for the plaintiffs in error, insisted, that a judgment cannot be reversed in part, but if annulled as to any of the defendants, must be avoided as to all. [2 Penn. R. 382; Cox's Rep. 34; 4 Rand. Rep. 386; 6 Pick. Rep. 241; 12 John. Rep. 434; 14 Id. 417.] If a judgment is rendered against three, one of whom has died pending the suit, it will be reversed as to all the defendants. [2 Bac. Ab. Error M. ; 2 Binn. Rep. 79; 4 Conn. Rep. 190; 8 Cow. Rep. 406.] The cases cited by the counsel for the defendant in error, are founded upon statutes, or the Pennsylvania cases, are induced by the equitable jurisdiction exercised by courts of law. According to the cases cited on the other side, the suggestion of Douglass' death should have been made by the plaintiff in the judgment *nunc pro tunc*.

A. FOX, for the defendant in error. The first judgment being void as to Douglass, it was competent for the Circuit Court to vacate it as to him, on motion. [5 Ala. Rep. 562.] In Hill v. West, 1 Binn. Rep. 486, the Court allowed the suggestion of the death of one of several defendants to be

made after judgment, though he had died previously. See also, 1 John. Ca. 29; 5 Durn. & E. Rep. 567. It is possible that the judgment *nunc pro tunc*, should not have been rendered; but this is not a fatal error, it is merely declaratory of what the original judgment should have been. It is but a part of it, and not a separate and distinct judgment.

COLLIER, C. J.—It may be conceded that a judgment is an entire thing, and if defective, should on error be reversed *in toto*, although the appellate court may, in a proper case, render it correctly. Yet this rule does not universally apply where the primary court is called on to correct or annul its judgment. If it be rendered in a case of which the court had no jurisdiction, then it would be proper to set aside the judgment, and if none could be rightfully acquired, repudiate the cause. Such was the predicament of the cases of Ex parte Sanford, 5 Ala. Rep. 562, and Ex parte Crenshaw, 15 Peters' Rep. 119.

We have a statute which permits the suggestion of the defendant's death to be made, and judgment to be taken against the survivors, where there are more than one, or if a sole defendant, *in most cases*, a continuance against his representatives. If the death of Douglass had been before judgment, no matter in what form the suit was brought, it might have abated as to him, and a recovery been had against the co-makers of the note. If the suggestion of his death has been omitted, either from neglect or ignorance of the fact, what rule of law inhibits the plaintiff from making it subsequent to the judgment, that the judgment may be perfected?

The judgment against Douglass was a nullity, and it was entirely competent for the court so to declare it, that an execution might regularly issue against the other defendants. Where one of several parties was regularly before the court for its action, and still continued so, it may be that a judgment as to him cannot be annulled without vacating it as to the other defendants, who do not object that they were not liable to the recovery. But that is not the condition of the case before us. Here Douglass was dead, and his representatives could not be joined with the other defendants, and a

judgment be rendered against all of them.   We think there is no rule of law which forbids the amendment to be made, so as to make the judgment just such as the state of the parties required.   The case cited from *Binney* was not the result of the equitable jurisdiction, which courts of law exercise in Pennsylvania.   Courts of law, as well as courts of equity, are influenced alike by liberal and enlarged views, in permitting amendments, which are to advance the ends of justice.

The judgment *nunc pro tunc* consequent upon setting aside the original entry as to Douglass, refers to the first judgment, may be considered as a continuation of, and intended to perfect it; and if more than one execution were to issue upon them at the same time, as distinct judgments, a *supersedeas* might be awarded.   Be this as it may, the entry, which is in form a judgment *nunc pro tunc* must be treated as a *clerical misprision*, amendable under the act of 1824, at the costs of the plaintiff in error.   And it will therefore be vacated on the terms indicated.   In other respects, the judgment of the Circuit Court is affirmed.   See Dearing, Sink & Co. v. Smith and Wright, 4 Ala. Rep. 432.]