## MOORE *vs.* EASLEY, Adm'r.

1. The appearance of the parties, on a motion to set aside a judgment and re-instate the cause on the docket, dispenses with the necessity of notice.
2. Where an attorney has appeared in the cause in the court below, without objection, his authority cannot be questioned in the appellate court.
3. Where a *sole* plaintiff dies during the pendency of the suit, a judgment rendered in his name is a nullity, and the court, in which it was rendered, may set it aside at a subsequent term, and re-instate the cause on the docket.
4. In such case the action is not discontinued by the failure of the personal representative, for more than two years, to have the judgment set aside and

18 619
95 252
18 619
116 652
18 616
123 412
18 616
126 622

the suit revived, but the court, in contemplation of law, is to be considered as still having jurisdiction of the cause.

5. Upon the death of the plaintiff *pendente lite*, it is not necessary, if the defendant has been regularly brought into court, to sue out a *scire facias*, but the practice is to suggest his death, and if the suggestion is not denied, it is entered of record, and on the production of the letters testamentary or of administration, the cause is revived and immediately proceeds in the name of the personal representative.

ERROR to the County Court of Perry.

GARROTT, for the plaintiff in error.

A. B. MOORE, for the defendant.

CHILTON, J.—Bushrod W. Bell, by Lea & Hines, his attornies at law, brought an action in the County Court of Perry against Moore, the plaintiff in error, to recover the amount of a promissory note for $200, signed by said Moore and one W. H. Carey. Afterwards, at the February Term of said County Court, the writ having been duly executed and the defendant failing to appear, a judgment by default was entered against him on the note described in the declaration, for $285 33. On the 8th day of July 1847, Moore filed in said court his petition, setting forth the death of Bell at the time of the rendition of said judgment; that he had no recollection of the writ in the cause having been served upon him—had no knowledge of the pendency of the suit, and that he had paid the money to Carey at Bell's request, and that Bell agreed to look to Carey alone for payment. The petitioner prays that an execution which has issued on said judgment against him and one Jack F. Cocke, his security in a forfeited forthcoming bond, may be superseded, and that the judgment on which it issued be declared null and void. Upon this petition a supersedeas was awarded. Afterwards, at the July Term 1847, the same was dismissed by the court, at the instance of the attornies for Bell.

At the July Term 1848, the record recites that Moore and Cocke "came by their attornies, and also came Messrs. Lea & Hines, original attornies of record in the suit of Bell against Moore, representing themselves as attornies for the defendant, and in his behalf deny his death before the issuance of the exe-

cution sought to be quashed, as set forth in the petition for supersedeas. And the said plaintiffs take issue with them as to said plea, and the said plaintiffs now before the court withdraw their motion, as set forth in their petition, to set aside and to declare null and void said judgment on which said execution issued, and now only insist before the court, and move it to quash the execution set forth in their petition, and do not ask or move to set aside the said judgment, and insist before the court that said judgment shall not be set aside: But it appearing to the satisfaction of the court that said Bell died before the said judgment was rendered, and said Lea & Hines moving said court, and wishing said judgment should be set aside—It is therefore considered that the said executions mentioned in the said petition, be quashed, annulled and held for nought, and the judgment annulled and set aside, &c."

It was further ordered, as a part of the same entry, "that the cause of Bushrod W. Bell v. John B. Moore be re-instated upon the trial docket, which is resisted and objected to by the attorney of said Moore, to which they excepted," &c. Then follows an entry re-instating the cause, next the suggestion of Bell's death, and the revival of the action in the name of Easley, as his administrator, and a judgment by default in the name of Easley as such, for $325.

To reverse this judgment, the defendant, Moore, brings the case to this court upon writ of error: And he insists, first—That we cannot look to that portion of this record which relates to the supersedeas, and that it should constitute no part of the record of the proceedings in this case. It is unnecessary, in our opinion, to decide whether the proceedings had upon the supersedeas form a part of this cause or not. It is quite certain that the setting aside of the first judgment rendered in the name of Bell, after his death, forms a part of this cause, and that shows that when the judgment was set aside and the cause re-instated upon the trial docket, the defendant, Moore, was present in court by his attorney, objecting to the same, and excepted to the ruling of the court. It is very clear then, that this appearance dispenses with the necessity of notice, so far as the motion to set aside the original judgment and re-docket the cause is concerned.—Wheeler et al. v. Bullard, 6 Por. 352; Hobson & Sons v. Emanuel et al. 8 ib.

442; Moore v. Phillips, ib. 567. This much of the entry we are bound to regard, as it relates to and forms a part of the history of this cause.

2. It is, however, objected that the order setting aside the first judgment is a nullity, since it was made upon the motion of Messrs. Lea & Hines, the attornies for Bell, whose authority as such ceased with Bell's death. Ordinarily, the powers of an agent or attorney cease upon the death of the principal, but the rule is not of universal application. There may be powers, coupled with an interest, which survive. It is not, however, necessary to inquire in this case, what the duty of an attorney at law is with reference to a cause in which he is employed, after the death of his client; for if we concede he is bound to do nothing more than to suggest his death upon the record, so that the proper parties may be made—if, in other words, his powers in regard to the cause cease, as the counsel for the plaintiff in error contend, then the counsel for Bell had no authority to move for judgment after his (Bell's) death, and having caused an unauthorised, irregular judgment to be rendered, it was their duty to rectify the error, or mistake, and to place the cause in *statu quo.* It required no authority from Bell to undo an unauthorised act, which had never been sanctioned or ratified by the principal, and which was prejudicial to him, or rather to his estate. But the objection may be sufficiently answered in this, that it does not appear that the authority of the attorney was called in question in the court below; this being the case, the objection that he appeared without authority cannot be raised in this court.—See Noble v. The Bank of Kentucky, 3 Mar. R. 263; 1 U. S. Dig. 328, § 70.

3. The next inquiry is, had the County Court the power to set the original judgment aside, and to re-docket the cause? It is well settled that where the court has jurisdiction of a cause and renders a final judgment, no amendment can be made, after the expiration of the term, unless it be the correction of some clerical misprision. But if the court proceeds to render judgment where it has no jurisdiction, it may, at a succeeding term, cause the facts to be placed on record, and declare the invalidity of the judgment.—See *Exparte* Sanford, 5 Ala. 562, and cases there cited.

In Hood & Stinnett v. Mobile Br. Bank, 9 Ala. 335, a judg-

ment was rendered against several persons, one of whom was dead. Four years after its rendition, a motion was made to vacate it as to the deceased defendant, and to continue its vitality as to the others. The Chief Justice, in delivering the opinion, said, "The judgment against Douglass (the dead party) was a nullity, and it was entirely competent for the court so to declare it, that an execution might regularly issue against the other defendants."

In Stewart v. Nuckles, 15. Ala. 231, it is said that a judgment rendered against either party after his death, and which cannot be refered by relation to a day previous, is a nullity which will not sustain an execution, and may be recalled on writ of error, *coram vobis*. And in Halford v. Alexander, 12 Ala. 280, it was held, that when the judgment upon such proceeding was recalled, the suit stands in the same condition that it occupied before the judgment was rendered.

The cases above cited from our Reports, and the numerous authorities refered to in them, may suffice to show, that, as there was in fact no plaintiff when the judgment was rendered in the name of Bell, such judgment was a nullity, and it was competent for the court at a subsequent term to spread upon the record the evidence of its invalidity, in other words, to declare it null and void, and to place the case upon the docket in the same condition it was in before such judgment was rendered. True, this proceeding was not upon writ of error, *coram vobis*, but the fact of Bell's death was put in issue and ascertained, and although the counsel for Moore insisted upon the withdrawal of their application to vacate, or rather to have the court to declare the judgment void, the motion was insisted upon by the attornies who obtained the judgment, and, we think, was very properly allowed by the court.

4. But it is insisted that this action, not having been revived until more than two years had elapsed, was discontinued. In Stewart v. Nuckles, *supra*, it was said, if either party die *pendente lite*, or after judgment, the proceeding either abates absolutely, or its vitality is suspended. When the remedy provided by law is applied, renewed life is imparted to it. This case is distinguished from those cited by the counsel, where by a failure on the part of the plaintiff to prosecute, the action became discontinued. Here the case terminates in what is supposed a

judgment, but in such a judgment as the court cannot enforce. This, we have seen, the court had the right to recall, and unless the cause could be re-instated on the docket, no other judgment could be rendered, not even a judgment that the suit abate, or that it stand discontinued. In our opinion, the court in the contemplation of law still had jurisdiction over the cause, which had never been finally disposed of, and correctly ordered it upon the docket for trial.

5. But it is further contended, that no notice was given of the motion to make Easley, the administrator of Bell, a party to the suit as plaintiff. The practice in such cases, as it appears to have been established by our predecessors, is to suggest the death of the plaintiff, and if the suggestion is not denied, it is entered upon the record; and when the representative of the plaintiff produces his letters testamentary, or of administration, the cause is revived in his name and immediately proceeds.— Hatch v. Cook, adm'r, 9 Por. R. 177. In that case, the death of the plaintiff was suggested and his representative made a party after the case had been argued before the jury, and after the judge had charged them, but before they had found a verdict. If the defendant dies, his representative may be made a party in a similar manner, or the plaintiff may have a *scire facias*. The representative of the defendant is, however, entitled to a term after he is brought in to prepare his defence, if he desire to claim it.—Clay's Dig. 313, § 1. But the practice is not to delay the cause when the representative of the plaintiff is ready to proceed, but revive the suit and try it at the same term, unless cause be shown for a continuance by defendant.

The statute prescribes no *scire facias* to revive the suit in the name of the representative of the plaintiff, who dies *pendente lite*. Nor is it the practice to give any notice to the defendant, further than a suggestion of the death and a motion to revive, made in open court when the case is called, would afford. If he be in court, it is his privilege to controvert the suggestion by affidavits, or admitting the fact of the plaintiff's death, to call for the letters testamentary, or of administration, of the party in whose name it is proposed to prosecute the suit. But if the defendant, having been regularly served with the writ, fail to appear, the plaintiff is not required to wait a term, until he can be advised of the motion to revive, but may proceed *exparte* to take

the necessary orders, first satisfying the court of his fiduciary character.

We have previously seen that in this case Moore had notice that the original judgment was declared void, and that the case was re-docketed for trial at that term, and that he excepted to the ruling of the court. If then, when the case was called on the docket and the same was revived, he failed to appear, and a judgment by default was rendered against him, he should not complain, since he might have availed himself, had he desired to have done so, of any objection to Easley's authority, or any defence to the action. It will not do to say that the appearance above alluded to was in the proceeding to supersede the execution, which is a separate proceeding from that complained of. As we have before said, the action of the court in reference to the first judgment, and in ordering the cause to be entered upon the docket, are proceedings directly in this cause, had at the same term in which the judgment final was rendered in the name of Easley as administrator, and the record, against which the party cannot aver, distinctly states that Moore appeared by his attorney and objected to the action of the court, &c. Knowing the cause was thus re-docketed, he was in default, if he did not appear when it regularly came up.

After the most mature deliberation upon this case, we are confirmed in the conclusion to which we came upon the argument, that there is no error in the record.

Let the judgment be affirmed.