# JONES' ADM'R *vs.* BROOKS.

[SUMMARY PROCEEDING AGAINST SHERIFF FOR FAILING TO MAKE MONEY ON EXECUTION.]

1. *Revivor of motion against sheriff.*—A summary proceeding against a sheriff, for failing to make the money on an execution, (Clay's Digest, 218, § 85,) abates by the death of the plaintiff in execution, and cannot be revived in the name of his personal representative; and an order of revivor, without the appearance or consent of the defendant, may be vacated at a subsequent term.

2. *Costs.*—In vacating, at a subsequent term, a void order of revivor, it is erroneous to render judgment for costs against the personal representative of the plaintiff; but, if he appeals from such judgment, giving bond or security for the costs, the error will be amended at his costs.

APPEAL from the Circuit Court of Montgomery. Tried before the Hon. NAT. COOK.

JAMES E. BELSER, for the appellant.
WATTS, JUDGE & JACKSON, *contra.*

STONE, J.—This was a proceeding instituted under the 3d section of the act of 1826, (Clay's Digest, 218, § 85,) and seeks to render the sheriff of Pike county liable for failing to make the money on an execution, which money, the suggestion avers, could have been made with due diligence. Pending the motion, the plaintiff in execution died. His death was suggested; and on motion, his administrator was made a party plaintiff, and the cause continued.

At a subsequent term, the judge decided, that this proceeding could not be revived; and he disposed of the motion at the costs of the plaintiff. It becomes our duty to inquire, first, whether this motion could, under the statute, be revived; and, secondly, whether, if the revivor was unauthorized, the judge at a subsequent term could revise the action previously taken, and set aside the order thus made.

It will be borne in mind, that this proceeding was purely statutory; and the statute under which it was instituted, imposes on defaulting sheriffs a serious penalty. There was before the Code no statute authorizing such motions to be revived, in case of the death of either party. Bearing in mind the rule of construction universally applied to these summary proceedings, we do not hesitate to declare, that the revivor in this case, on principle, was unauthorized.—See Connoly v. Ala. & Tenn. Rivers R. R. Co., at January term, 1857.

But this precise question has been repeatedly adjudicated by this court; and it has been uniformly held, that the statute does not authorize motions, such as this, to be revived.—Logan v. Barclay, 3 Ala. 361; Murphy v. Br. Bank, 5 Ala. 421; Dumes v. McCloskey, ib. 239.

The motion in this case being statutory, and there being no authority to revive in case of the death of either party, it follows that, when the plaintiff in execution died, the action stood abated. It was, in legal effect, out of court. The circuit court, being clothed with only such powers as the statute conferred, had no jurisdiction of a motion, such as this, instituted or prosecuted in the name of the personal representative of a plaintiff in execution. Having no

jurisdiction of such a demand, prosecuted in such form, the order reviving in the name of the administrator was void. Being void, the presiding judge committed no revisable error in vacating it.—*Ex parte* Sanford, 5 Ala. 562; Hood v. Br. Bank of Mobile, 9 Ala. 335 ; Halford v. Alexander, 12 Ala. 280 ; Stewart v. Nuckles, 15 Ala. 231 ; Moore v. Easley, 18 Ala. 622.

We do not now announce what would be our decision, if the record showed that the sheriff had consented that the suit should be revived, or had done any act which recognized the proceeding as in court. The record shows no such state of facts.—See Paradise' Adm'r v. Cole, 6 Munf. 218.

In giving judgment as on verdict, for the defendant, the circuit court erred. He should simply have declared the suit abated. He had no authority to render judgment for costs, because there was no party in court against whom he could render such judgment. The administrator was not a party in that court, and the judgment against him was erroneous.

If the inquiry arise, in what manner are the officers of court, witnesses, &c., to recover their costs, the answer is, they have recourse against the party at whose instance they have rendered services. This proceeding was instituted before the Code went into operation, and is not governed by its provisions.—§ 2597.

This error, however, is of the class called clerical, and will be here amended. It is therefore ordered and adjudged, that the said motion in the circuit court stand abated.

The question of the costs of the appeal presents a different principle. The administrator, Thomas J. Jones, executed the appeal bond, and thus makes himself a party in this court. Being a party to the appeal, he is liable to be taxed with the costs. The error being clerical, and being here corrected, the order is made at the costs of the appellant.—Code, § 3037 ; Ivey v. McQueen, 17 Ala. 408.