## Meyers v. Stern et al.

658

[redacted]

*Leon E. Sperling*, for plaintiff.
*Edwin Fischer*, for defendants.

CRUMLISH, J., September 17, 1945.—This matter comes before us, on

1. Affidavit of defense raising questions of law filed by Jack Stern, one of defendants, to plaintiff's writ of scire facias to revive judgment against him;

2. Defendant's motion to strike off judgment; and

3. Plaintiff's petition to amend record showing that said defendant is also known as Jacob Stern, and answer thereto.

I. Defense to scire facias.

The first thing that meets our attention is the pleading adopted to question the propriety of plaintiff's judgment in affidavit of defense raising questions of law. The learned counsel for defendant displays commendable ingenuity; he seeks by one instrument to answer the scire facias and at the same time impeach plaintiff's judgment. This he cannot do successfully.

1. As to affidavit of defense raising questions of law to a scire facias to revive a judgment. The defendant is without authority to utilize an affidavit of defense raising questions of law in a proceeding on a scire facias to revive a judgment. True, such a pleading was resorted to in Cusano, Admx., et al. v. Rubolino et al., 351 Pa. 41, (1944), without any questions having been raised, and the statute authorizing the issuance of a scire facias to revive a judgment makes no mention of the pleading to be adopted by defendant. However, the proper practice is to file an affidavit of defense and that has been followed consistently since

Moody v. M'Dermott, 1 Miles 18, (1835) (District Court of City and County of Philadelphia). The Moody case was apparently decided on the authority of section 2 of the Act of March 28, 1835, P. L. 88, 12 PS §761, entitled, "An act To establish the District Court for the City and County of Philadelphia", and which provided, inter alia:

"In all actions instituted in the said court on bills, notes, bonds or other instruments of writing, for the payment of money, and for the recovery of book debts, *in all actions of scire facias*, on judgments and on liens of mechanics and material men under the act of March 17, 1806, [repealed] and the various supplements thereto, it shall be lawful for the plaintiff, on or at any time after the third Saturday succeeding the several return days hereinbefore designated, on motion, to enter a judgment by default, notwithstanding an appearance by attorney, unless the defendant shall previously have filed an *affidavit of defense*, stating therein the nature and character of the same . . ." (Italics supplied). Section 1 of the Act of April 14, 1846, P. L. 328, 12 PS §766, extended this power to the "courts of common pleas of the several counties of this commonwealth." It was the Practice Act of May 14, 1915, P. L. 483, section 20, 12 PS §471, which gave rise to the pleading thereafter commonly referred to as an affidavit of defense raising questions of law. The Practice Act of 1915, however, generally speaking, applies only to actions of assumpsit or trespass; it does not apply to scire facias proceedings. It is, therefore, our summarization that the only proper pleading to be filed by a defendant in a proceeding on a scire facias to revive a judgment, if one be required, is an affidavit of defense.

2. Defenses to a scire facias to revive a judgment. It is elementary that the only defense which can be set up in scire facias proceedings to revive a judgment is payment or discharge, and defenses arising

since the original entry: under no circumstances, can the original judgment be inquired into. The language of Gibson, J., in Cardesa v. Humes et al., 5 S. & R. 65, 68, (1819), quoted with approval by Mr. Justice Horace Stern, in First National Bank and Trust Co. of Bethlehem v. Laubach, deceased, et al., 333 Pa. 344, 346, (1939), is a clear exposition of the principles involved:

" 'But I take the law to be, that in *no case*, nor under any circumstances, can the merits of the original judgment be inquired into, for the purpose of furnishing a defense to a scire facias. Where a judgment has been obtained surreptitiously, it will be set aside on motion; and where it is suffered by confession or default, if there be a defense of which the party was ignorant, or which arose afterwards, the Court, to give him the advantage of it, will open the judgment. But in no other way can the equitable power of the Court be interposed. In this proceeding the defendant must deny the original judgment altogether, or show it has been satisfied since it was rendered; for, down to that point of time, it is conclusive.' "

For the reasons above expressed defendant's pleading is treated as an affidavit of defense to the scire facias, held to be insufficient and judgment is directed to be entered for plaintiff for want of a sufficient affidavit of defense.

II. Motion to strike off judgment.

In Moll, to use, v. Lafferty, 302 Pa. 354, (1931) the Supreme Court dismissed an appeal from the action of the lower court in entering judgment for want of sufficient affidavit of defense to a scire facias to revive, without prejudice to the right of defendant to move for the correction of the judgment by the filing of a petition to open pro tanto. In that case defendant, in his affidavit, raised the defense of usury which was apparent on the face of the record, and the Supreme Court held, at p. 359:

"The defendant, in connection with his affidavit of defense, should have moved to open the prior judgments, at least, to the extent that they contained usurious interest. We will not deprive him of an opportunity to still seek this relief. A judgment will be opened to permit the defendant to interpose the defense of usury. . . ."

But in the instant case, the complaint raised is without merit. Defendant contends that since the suit is against a partnership the judgment must be entered against all or none. True enough, at common law, if two or more partners were sued, and served, one of the defendants could insist that plaintiff take his judgment against all or none: Nelson v. Lloyd, 9 Watts 22, (1840) ; Donnelly et al. v. Graham et al., 77 Pa. 274, (1875) ; Corcoran & Co. v. Trich, 20 W. N. C. 372, (1887) ; Carson v. Carson et al., 25 W. N. C. 358, (1890). Cf. Commonwealth, to use of Graham, v. McCleary and Conway, 92 Pa. 188, (1879). Cf. Murtland v. Floyd et al., 153 Pa. 99, (1893). However, in Morrison's Est., 343 Pa. 157, (1941), in dealing with the liability of a deceased partner's estate for the collection of gasoline tax for the Commonwealth the Supreme Court held (p. 163) :

"The circumstances presented here and a view of the entire statute and the Uniform Partnership Act throw further light on the legislative intention. The dealer merely acts as a collector for the tax imposed on his patrons. It is agreed that the partnership collected the amount for which judgment was entered and therefore received money belonging to the Commonwealth which it misapplied and failed to pay over to the Commonwealth. Section 14 of the Uniform Partnership Act of 1915, P. L. 18 (59 PS §36) provides that the partnership is bound to make good the loss . . . (b) Where the partnership in the course of its business receives money or property of a third person, and the money or property so received is misapplied by any partner while it is in the custody of the partnership,'

*and by section 15 of the same act (59 PS §37), it is provided that 'all partners are liable—(a) Jointly and severally, for everything chargeable to the partnership under sections thirteen and fourteen.' "* (Italics supplied.)

In Rhodes v. Terheyden et al., 272 Pa. 397, 400 (1922) it was held (p. 400):

"As already pointed out, there are distinct allegations that the note was drawn for the benefit of the firm, was endorsed by plaintiff as an accommodation to it, was discounted for it, and the proceeds received by it. As between plaintiff and the firm, this, of course, makes the latter liable for the indebtedness and entitles him to recover against the individual partners,—of which appellee is alleged to have been one,—as soon as he, plaintiff, was compelled to pay the firm debt; and this is so even though their names do not appear on the obligation . . . ."

Reasoning from these authorities, and section 15 of the Uniform Partnership Act of 1915, we are of the opinion that the latter statute has changed the common law, and a partner is individually liable for a partnership debt, judgment may be entered against him therefor and recovery may be had thereon. Consequently, the motion to strike off the judgment is dismissed.

III. Plaintiff's petition to amend record.

Plaintiff petitions for leave to amend the name of Jack Stern, who, the petition alleges, is also known as Jacob Stern. To this petition Jacob Stern answered denying the right of the plaintiff to have his petition granted for leave to amend the name of Jack Stern.

By the Act of May 4, 1852, P. L. 574, sec. 2, 12 PS §533, an error in a name, if it be error, is one which can be corrected by amendment, and this may be done even after judgment: Fuel City Mfg. Co. v. Waynesburg Products Corp., 268 Pa. 441, 447 (1920); Redington Hotel v. Guffey, 148 Pa. Super. 502 (1942). The Act of 1852, supra, provides as follows:

"That all actions pending, or hereafter to be brought in the several courts of this Commonwealth, and in all cases of judgments entered by confession, the said courts shall have power, in any stage of the proceedings, to permit amendments by changing or adding the name or names of any party, plaintiff, or defendant, whenever it shall appear to them that a mistake or omission has been made in the name or names of any such party."

The test of the amendment is whether there is a change in the cause of action: Booth v. Dorsey, 202 Pa. 381, (1902); or whether it will deprive the defendant of any right: Mangan et al. v. Schuylkill County, 273 Pa. 310 (1922). In the instant case defendant could not be prejudiced by the change. Plaintiff served the right party, but, apparently under a wrong name. Under this wrong name defendant, Jack Stern, caused an entry of appearance to be filed by his attorney, and never denied that he was the right party sued. The essence of his answer to the petition for leave to change the name on the record states that he, "Jacob Stern is one of the defendants in the above-entitled proceedings, (erroneously described as Jack Stern), . . ." In all cases relating to the amendment of the name of defendant who was intended to be sued but was sued under the wrong name, defendant is considered to be in court notwithstanding the misnomer. It is clear the service of the summons upon defendant did bring him within the jurisdiction of the court. There is some question in our minds whether there is any significant difference between the names Jack and Jacob, since the former seems to be, among a large number of people, a generally adopted contraction or familiar use of the latter. The effect of granting leave to amend the name of defendant, Jack Stern, would not change the identity of the parties nor change the cause of action as contended.

Rule absolute.