## Ganzer *versus* Fricke.

1. Two persons were in partnership in a brewery; work was done at another establishment occupied by one of the partners: as evidence of the partnership of the partners in the latter establishment, it was proved that the work was paid for by beer from the brewery. The books of the brewery in which the beer was charged to one of the partners, were not admissible to rebut the presumption of partnership.

2. After a verdict against more than one, charged on a joint contract, a *nolle prosequi* may be entered as to one, and judgment entered against the others on the verdict, under Acts of April 1846 and 1858 relating to amendments.

February 24th 1868. Before THOMPSON, C. J., STRONG, AGNEW and SHARSWOOD, JJ. READ, J., at Nisi Prius.

Error to the District Court of *Philadelphia:* No. 339, to January Term 1867.

This was an action of assumpsit, commenced June 3d 1865, by Christian D. Fricke against Martin Ganzer, Frederick Fisher and John Conrad, trading as M. Ganzer & Co. The claim was for fitting up an establishment on the Germantown Road, Phila-

delphia, as a restaurant and summer garden. There seemed to be no dispute as to the work having been done, nor as to the propriety of the charge. The allegation of Ganzer and Conrad was that it was done for Fisher alone.

Ganzer and Fisher were partners in a brewery at the corner of Thompson and Thirty-second streets, some miles from the restaurant. Fisher took the lease of the restaurant. There was evidence on the part of the plaintiff that Ganzer was at the restaurant at the time it was being fitted up; that he was present when a sign, which was to be put up at the place, was exhibited; and that it was stated in his hearing that "Ganzer & Co." was to be painted on the sign. There was evidence also that Ganzer had delivered beer from the brewery in payment for painting done at the establishment. The defendants offered to prove that the beer sold to the restaurant from the brewery was charged on the brewery books to Fisher. They also offered to give the brewery books in evidence to show Conrad's and Fisher's private accounts. Both these offers were rejected by the court, and several bills of exception sealed.

There was a verdict for the plaintiff for $915.88 against all the defendants. Afterwards, on a motion for a new trial, the rule was discharged on condition that the plaintiff would enter a *nolle prosequi* as to Conrad; which was accordingly done, and judgment was entered on the verdict against Fisher and Ganzer.

Ganzer, on a writ of error, assigned for error the rejection of his offers of evidence, and entering judgment for the plaintiff after he had entered a *nolle prosequi* as to Conrad.

*R. P. White* (with whom was *G. H. Earle*), for the plaintiff in error, cited, as to the evidence, Given *v.* Albert, 5 W. & S. 338. As to entering judgment after the *nolle prosequi*, Nelson *v.* Lloyd, 9 Watts 23, 24; Williams *v.* McFall, 2 S. & R. 280; O'Neal *v.* O'Neal, 4 W. & S. 130; Beidman *v.* Vanderslice, 2 Rawle 334; 2 Tidd's Pr. 926; 1 Tr. & Haly 355; 1 Chitty's Pl. 445.

*G. W. Biddle* (with whom was *Erety*), for defendant in error, cited Acts of 14th April 1851, § 13, Pamph. L. 613, Purd. 776, pl. 1; April 16th 1846, § 2, Pamph. L. 353; May 4th 1852, § 2, Pamph. L. 574; April 12th 1858, Pamph. L. 243, Purd. 46, 47, pl. 2, 3, 4.

The opinion of the court was delivered, March 5th 1868, by
AGNEW, J.—Not one of the errors, except the last, has been assigned according to our rules. Instead of printing the bill of exception in connection with its proper assignment of error, we are left to wander through the evidence in search of it. We shall notice, however, the principal question relied upon in the

argument. Ganzer and Fisher, two of the persons sued by the plaintiff, were partners in a brewery on Thompson street in this city. Fisher took a lease of a property on the Germantown Road, about four miles distant, and fitted it up as a restaurant. It was for the carpenter work in fitting up the premises that the plaintiff brought his action against Ganzer, Fisher and Conrad, alleging that they were partners in the restaurant business. As · part of the evidence of the partnership, he proved that the painting of a sign for the restaurant was paid for in beer from the brewery. For the purpose of rebutting this proof, the books of Ganzer & Co., kept at the brewery, were offered as evidence that the beer furnished by Ganzer & Co. was charged on their books to Fisher's private account. This evidence was rejected by the judge of the District Court, and the rejection is now assigned for error. But clearly he was right. The offer was not to prove the fact of the sale to Fisher on his private account by any one who knew it, or by the entry of a clerk who was dead or out of the jurisdiction of the court, but to prove it merely by the production of the books and the entries therein. However competent this evidence would have been between the parties themselves, certainly it was not as against the plaintiff, who was a stranger to their acts. They could not fabricate evidence for themselves in this way, and certainly it was not as strong as the certificate of the fact by a third person who stood neutral between the parties, which would not be competent. The offer does not fall within the principle of *memoranda* made by parties in the usual course of business and under circumstances where they cannot be supposed to be fabricated for the purpose for which they are offered. The whole extent of the offer was to make the entries of the defendants themselves in their own books proof of an independent fact which could be proved only as other facts are, by legal and competent evidence : Smith *v.* Lane, 12 S. & R. 80; Phila. Bank *v.* Officer, Id. 49; Ridgway *v.* Farmers' Bank of Bucks County, Id. 256; Summers *v.* McKim, Id. 405; Cutbush *v.* Gibbert, 4 Id. 551; Paull *v.* Mackey, 3 Watts 110.

The 6th assignment of error is to the entry of the *nolle prosequi* as to John Conrad, who was sued as a partner with Ganzer and Fisher. At common law, a joint action of assumpsit against three could not be supported by evidence that the contract was made by two only. The misjoinder of the third person who was no party to the contract could not be cured by a *nolle prosequi*. But the acts relative to amendments, passed the 16th of April 1846, § 2, and 12th April 1858, § 1, embrace this case. There being no sufficient proof on the trial that Conrad was a partner, this fact was pressed upon a motion for a new trial, and the judge refused the motion on the condition of the plaintiff's entering a *nolle prosequi* as to him. This was merely equivalent to an amend-

ment by striking out Conrad's name. He could have done this before verdict, and we see no reason why it should not be done after verdict. Under the Act of 1846, amendments can be made in " any stage of the proceedings." It was therefore not too late to strike out the name of Conrad before judgment. And see Rangler v. Hummel, 1 Wright 132; Hite v. Kier, 2 Id. 72. In addition to this, if it were necessary, we might presume that the court had evidence to satisfy them that the partnership was not registered in conformity to the Act of 14th April 1851, § 13, which in such case gives the express power to strike out a name of a person erroneously included in the action as a partner.

Finding no error in the record, the judgment is affirmed.