# Donnelly *et al. versus* Graham *et al.*

1. A summons was issued against four; *three* were summoned and the declaration was against them ; one of these did not appear nor plead ; *two* pleaded, the verdict and judgment was against the *three*.   *Held*, that the judgment was bad and could not be sustained as to any.

2. The suit and declaration being against all jointly, the recovery could have been against all or none.

3. To have obtained a judgment on a verdict against the two pleading, there should have been an interlocutory judgment against the third who did not appear.

January 4th 1875.   Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the District Court of *Philadelphia :* Of January Term 1873, No. 5.

This was an action of assumpsit, brought June 3d 1871, by Walter Graham & Co., against W. F. Willard, James Donnelly, Patrick Rafferty and William Monaghan, trading as William Willard & Co.   The sheriff returned " ' Nihil,' as to William F. Willard, and summoned as to the other defendants."

The declaration, filed October 23d 1871, was, " James Donnelly, Patrick Rafferty and William Monaghan, who were sued with William F. Willard, trading," &c., were attached to answer the plaintiffs, &c. ; the declaration being in the common counts.   Donnelly and Monaghan, two of the defendants, pleaded *non-assumpserunt.*   Donnelly pleaded also that there was no partnership between himself and the other defendants.   Rafferty did not appear or plead.

A jury was called January 12th 1872, and sworn generally as

[Donnelly v. Graham.]

to all the defendants declared against; the verdict was for the plaintiffs against all the defendants for $439.42.

The defendants moved in arrest of judgment; the motion was denied.

The defendants took a writ of error.

They assigned for error that the court erred:

1. In swearing the jury as against Rafferty, who had not appeared or pleaded.

2. In denying the motion for arrest of judgment.

3. In entering judgment against the defendants generally.

*T. Greenbank* and *W. L. Hirst*, for plaintiffs in error.—Judgment could not be entered against Rafferty, who had not appeared nor pleaded: Bennet *v.* Reed, 10 Watts 397. Interlocutory judgment should have been entered against Rafferty, and a jury sworn against the other defendants: 2 Tr. & H. 631; Nelson *v.* Lloyd, 9 Watts 22. Striking off the name of Rafferty would not avail, the declaration being joint against the three: Swanzey *v.* Parker, 14 Wright 454; Boaz *v.* Heister, 6 S. & R. 20.

*E. C. Shapley*, for defendants in error.—The irregularity not having been objected to at the trial, a court of error will not reverse on that account: Blackstock *v.* Leidy, 7 Harris 335; Imhoff *v.* Brown, 3 Phila. R. 45; Haas *v.* Evans, 5 W. & S. 252.

Mr. Justice GORDON delivered the opinion of the court, January 11th 1875.

The summons in this case was issued against William F. Willard, James Donnelly, Patrick Rafferty and William Monaghan, as partners trading under the firm name of William Willard & Co. Service was not had upon Willard, and he is therefore not in the case. The other three were served. The plaintiffs' *narr.* charged the defendants with a joint indebtedness. Monaghan and Donnelly appeared and pleaded, but Rafferty did neither. The plaintiffs, however, without first taking an interlocutory judgment against Rafferty for want of appearance, proceeded to trial, and obtained a verdict and judgment against the three.

Now, so far as Rafferty is concerned, there can be no doubt but that this judgment is incurably bad. It does not present the case of a mere technical error, as in Blackstock *v.* Leidy, 7 Harris 335, where the defendant was in court and there was the want only of the interlocutory judgment. Here the proceedings are not only *ex parte*, but the judgment is procured in a manner authorized neither by statute nor common law.

But can the judgment be reversed as to Rafferty, and affirmed as to Donnelly and Monaghan? We answer this question in the negative. The suit is joint; the *narr.* alleges a joint claim;

[Donnelly *v.* Graham.]

hence, the plaintiffs must recover against all thus charged or none. On this ground it was ruled, in Nelson *v.* Lloyd, 9 Watts 22, that, where the summons was against three as partners, who were all served, a verdict and judgment against one, without an interlocutory judgment against the other two, was irregular and bad, and the judgment was accordingly reversed.

So in Boaz *v.* Heister, 6 S. & R. 20, it was held that, where, upon a joint action, judgment is rendered against two, which is erroneous as to one, it cannot be reversed as to one and affirmed as to the other.

It is apparent, therefore, that the judgment in this case is not only bad as to Rafferty, but being bad as to him it cannot be sustained as against Donnelly and Monaghan.

> The judgment is reversed, and a *venire facias de novo* is awarded.