## LACKAWANNA COUNTY.

JULY TERM, 1881, No. 30.                    FEBRUARY 22D, 1882.

# Hosie *et al. versus* McCann.

1. The Act of April 17, 1878, P. L., 17, providing for the division of counties, is not imperative in requiring all cases which may be removed into the court of the new county to be removed, and the court of the county in which such case was originally brought may, upon a failure to remove, continue to exercise jurisdiction.

2. To a plea of another suit pending between the same parties for the same cause of action, the plaintiff replied that the defendants were not impleaded as alleged, nor were the parties in this and the former suit the same, nor is the

[Hosie *et al. v.* McCann.]

former suit still depending; "but, after the said writ of summons was issued, the same was returned by the sheriff not served, and thereupon a second writ of summons, in the nature of an *alias,* was issued," etc. *Semble,* that the replication was not double in the proper sense of the rule against duplicity.

3. The court below, regarding some of the averments of the replication as stating matters of evidence and unnecessary, granted leave to the plaintiff to withdraw his replication and file an amended declaration tendering the single issue, "that the said former suit is no longer pending as by the records," etc., and at the same time it entered judgment against the defendants on the demurrer that they answer over. *Held,* that it would be intended in the Court of Error that a day had been given to bring in the record pleaded in the Court below, and that the Court had it before them.

4. The fact that one of several defendants, against whom a judgment was entered for want of a plea, had not been served, and had not appeared, is not ground for reversal, but is a mere formal error which can be remedied by entering a *non pros.* as to him at any time.

Before Sharswood, C. J.; Gordon, Paxson, Sterrett, and Green, JJ. Mercur and Trunkey, JJ., absent.

Error to the Court of Common Pleas of *Lackawanna County.*

Case by Martin McCann against J. P. Hosie, John Hosie, James Archbald, George H. Catlin, R. W. Archbald, T. F. Archbald, and Mary W. Catlin, partners, trading as the Fairlawn Coal Company, Limited, for alleged damages caused by maintaining a coal-breaker adjoining the premises of the plaintiff.

The summons was issued May 4th, 1877, in Luzerne County. It was returned *non est inventus* as to T. F. Archbald, and there was no appearance for him.

A *narr* was filed on the same day that the summons issued, declaring against all of the defendants as partners.

The defendants who had been served pleaded, June 11th, 1877, in abatement, "that before the commencement of this suit, to wit, at the said Court of Common Pleas of Luzerne County, to January term, A.D. 1876, No. 626, the plaintiff issued a writ of summons and impleaded the said defendants in a plea of trespass on the case for the same causes of action in the declaration in this suit mentioned, as by the record and proceedings thereof remaining in the said court appears, and the parties in this and the said former suit are the same parties, and the said former suit is still depending in the said court, and this they are ready to verify."

The plaintiff replied " that the said defendants were not impleaded in an action of trespass on the case brought by the said plaintiff to No. 626, January term, 1876, as alleged by the said defendants in their said plea, nor are the parties in this and the said former suit the same parties, nor is the said former suit still depending in the said court ; but, after the said writ of summons was issued, the same was returned by

[Hosie *et al. v.* McCann.]

the sheriff not served, and thereupon a second writ of summons in the nature of an *alias* summons was issued, to which the defendants have pleaded as aforesaid in abatement."

The defendants demurred specially to this replication, setting forth as grounds of demurrer: (1) duplicity; (2) that the plaintiff had put in issue that the summons in the former action was returned by the sheriff not served, which was mere matter of evidence on the issue as to whether the former action was still depending; (3) that the replication was multifarious, unintelligible and prolix.

The Court of Luzerne County, RICE, P. J., made the following order on the demurrer:

" As we recollect the rule as to duplicity, it is that the plea may be double, but the replication cannot; but we do not understand that where there are several pleas, the plaintiff may not reply specially to each : see Commonwealth *v.* Connellsville Railroad, 8 P. F. S., 26.

" The plea, however, in this case, is single, but the replication is clearly double, and tenders no one single issue.

" It is, therefore, bad. It replies, 1st, that the defendants were not impleaded to the number and term alleged ; 2d, that the parties are not the same ; 3d, that the former suit is not still depending. There are clearly here three distinct issues tendered.

" Again, if the replication be that the former suit is not still depending, it is complete when this is averred, but the replication goes on to show why the defendants were not formerly impleaded, and why the suit is not still depending, by averring that the former summonses were never served, and that thereupon the suit was discontinued, and a second writ issued. Of course, these are matters of evidence, and were unnecessarily included, and, therefore, against the rule on that subject.

" Upon the argument of the case, however, the plaintiff asks leave to file an amended replication tendering the single issue that ' the said former suit is no longer pending as by the records,' etc., concluding with an offer to verify. This is a good replication, and was conceded to be such by defendants' counsel. Leave is, therefore, granted to withdraw his replication, and to file his amended replication, and thereupon judgment is entered against the defendants on their demurrer that they answer over."

On the same day the plaintiff filed an amended replication. February 17th, 1880, without a rule, the plaintiff served notice upon the defendants to plead in bar to the declaration within ten days or judgment.

Section 5 of Rule 25th of the Court of Luzerne County is as follows :

" SECTION 5. In every case, where the defendant's appear-

[Hosie *et al. v.* McCann.]

ance is recorded (and bail to the action entered, if it is a suit where bail is required), rules to state, declare and plead, and for other pleadings, may be entered at the prothonotary's office, at any time after the first day of the term to which the process issued is returnable, and on four weeks' notice thereof, in writing to the adverse party, or his, or her, or their attorney on record, and upon failure to state, declare, plead, or enter other pleadings accordingly, a judgment in the nature of a judgment by default, or a *non pros.,* may be entered, which judgment or *non pros.* may be opened, set aside, or taken off at the discretion of the Court, when deemed necessary for the purposes of justice : *Provided,* The above rule is not to preclude the plaintiff or defendant in special cases, or a single judge thereof, from enlarging the time to state, declare, or plead, having first given reasonable notice in writing to the opposite party, or attorney, of the intended application."

May 17th, 1880. Judgment was entered by the prothonotary against the defendants for want of a plea.

The Act of April 17th, 1878, P. L., 17, entitled "An Act to provide for the division of the counties of this Commonwealth, etc.," section 14, provides : "The lien of all mortgages, judgments, mechanics' liens, verdicts, and all records which shall have been made and entered in the original county, up to and including the day of the organization of said courts, shall not be affected by the establishment of said new county, but to proceed thereon certified copies thereof shall be made by the prothonotary or other proper officer, which shall be entered by the like officer of the new county, and like proceedings had as in the original."

A supplement to this act, approved April 22d, 1879, P. L., 26, provides, Section 1 : " That, upon the erection of any new county, as provided in said act to which this is a supplement, all local actions, originally commenced in the county from which said new county shall have been taken, but which after the division appertain and belong to the territory embraced within the said new county, shall, upon application of any of the parties thereto, and the order of the Court of the original county, or of a law judge thereof, be removed to the said new county, and in such case the same shall forthwith be certified, so far as the docket entries of the same are concerned, and the files connected therewith shall also forthwith be delivered by the prothonotary or other proper officer of the original county, to the like officer of the new county, who shall enter the same of record and in file respectively, and like proceedings shall thereafter be had thereon as fully and completely as though the said actions

had been commenced in the new county ; and the same shall be the case with all transitory actions, originally commenced as aforesaid, where the parties to the same reside within the said new county, and shall indicate by writing filed in the office of the prothonotary or other proper clerk of the original county their desire to have the same removed as aforesaid, etc."

Under the provisions of this act and its supplements, the county of Lackawanna was erected August 21st, 1878, and its courts were opened October 24th, 1878. On the 17th of May, 1880, on the application of the plaintiff, the case was ordered to be removed as a local action to Lackawanna County, and the records were there filed, August 31st, 1880.

A writ of inquiry was issued September 1st, 1880, under which the jury assessed the damages against all of the defendants at $1400.

Subsequently, the defendants took a rule to strike off the interlocutory judgment, and set aside the writ of inquiry and the inquisition under it.

The Court below, HANDLEY, P. J., discharged the rule, saying :

" In these proceedings we are asked to strike off a judgment entered in the Court of Common Pleas of Luzerne County. We are under the impression that we have no authority to make such an order. Such an application must be made to the Court making the order for judgment.

" It was admitted on the argument of this rule, that the defendants were limited partners at the time the summons was served.

" The judgment was entered against all· of the defendants. One of them, T. F. Archbald, was not served, and did not appear. It was contended that for this reason alone, if for no other, this rule must be made absolute.

" But this point, in our opinion, is ruled by the case of Ganzer *v.* Fricke, 7 P. F. S., 316. In this case, AGNEW, J., said : ʻ The 6th assignment of error is to the entry of the *nolle prosequi* as to John Carroll, who was served as a partner with Ganzer and Fisher. . . . . There being no sufficient proof on the trial that Carroll was a partner, this fact was pressed upon a motion for a new trial, and the judge refused the motion on the condition of the plaintiffs entering a *nolle prosequi* as to him. This was merely equivalent to an amendment by striking off Carroll's name. He could have done this before verdict, and we see no reason why it should not be done after verdict. Under the Act of 1846, amendments can be made in ʻ any stage of the proceedings.' It was, therefore, not too late to strike out the name of Carroll before judg-

ment:' see, also, Shamburg *v.* Noble, 30 P. F. Smith, 160 ; Fidler *v.* Hershey, 9 Norris, 366. If the Court, that directed judgment to be entered, will, at any time hereafter, order it to be stricken off on rule to show cause, then the plaintiff may enter a *nolle prosequi*, as to T. F. Archbald, the person not served and not appearing. Under the present showing, we cannot do otherwise than to discharge this rule."

The defendants then took out a writ of error, assigning that the Common Pleas of Luzerne County erred:

1. In entering judgment against defendants on their demurrer to plaintiff's replication, and ordering said defendants to answer over.

2. In not giving defendants a day to try the issue of fact presented by the amended replication of the plaintiff.

3. The Common Pleas of Luzerne County had no authority over this action after the 24th day of October, A. D. 1878, when the courts of the new county of Lackawanna were organized, the land affected being within the territory embraced by said new county, and the judgment signed for want of a plea in Luzerne County, on May 17th, 1880, was void.

4. The judgment for want of a plea was irregular, plaintiff having declared against all of the defendants, as . partners, one of the defendants, T. F. Archbald, not having been served with summons, nor appearing.

5. Plaintiff was not entitled to judgment for want of a plea, without a rule to plead, and notice pursuant thereto, and the judgment taken by default, for want of a plea, upon a simple notice to plead, without a rule was irregular and erroneous.

6. 'The judgment for want of a plea is erroneous, having been taken against the defendants generally, one of the defendants, T. F. Archbald, not being in court.

7, 8, 9 and 10. The Common Pleas of Lackawanna County erred in not striking off the judgment, and not setting aside the writ of inquiry.

*R. W. Archbald* and *S. B. Price*, for the plaintiffs in error. The demurrer to the replication presented an issue of law. The opinion of the Court shows that the grounds were well taken. The issue was, therefore, in favor of defendants, and the only consistent ruling was to sustain the demurrer, with leave to the plaintiff to amend : McElroy *v.* R. R. Company, 7 Phila., 206 ; Wood *v.* Flannigan, 2 W. N. C., 406: Martin *v.* Dearie, 1 W. N. C., 9.

The amended declaration presented an issue of fact. It completed the issue on the plea of a former action pending, . and should have been followed by a trial on the record on a

[Hosie *et al. v.* McCann.]

day assigned : Stephens on Pleading, p. *239 ; Crutcher *v.* Commonwealth, 6 Wharton, 351 ; Ferrel *v.* City, 2 W. N. C., 187.

The Court conceives the amendment as made, and the demurrer laid to the amended replication, and as though it were an issue at law on the demurrer instead of fact on the replication, overrules the demurrer, and enters judgment of *respondeat ouster :* Stoever *v.* Gloninger, 6 S. & R., 68 ; Insurance Company *v.* Whitney, 20 P. F. S., 248.

The judgment being expressly on the demurrer is proof that no trial was had on the plea.

Jurisdiction over the case in Luzerne County fell with the division of the county, and the judgment was ineffectual : Kelly *v.* Tate, 43 Ga., 535 ; Heath *v.* Gardner, 10 W. N. C., 497.

The judgment for want of a plea was irregular, one of the defendants not being in court: Sherer *v.* Bank, 9 Casey, 138 ; Boaz *v.* Heister, 6 S. & R., 18.

Plaintiff could not demand a plea without a rule : Green *v.* Hallowell, 9 Barr, 53 ; Bisbing *v.* Albertson, 6 W. & S., 450.

There is nothing in the rules of Court to warrant it : Bradley *v.* Dusenberry, 7 W. N. C., 146 ; Laird *v.* Potts, 6 W. N. C., 56.

Being taken by default, and one of the defendants not in court, it is bad as to all : Boaz *v.* Heister, 6 S. & R., 18 ; Donnelly *v.* Graham, 27 P. F. Smith, 274 ; Jones *v.* Orum, 5 Rawle, 249.

*D. & H. M. Hannah,* and *Palmer, De Witt & Fuller,* for defendant in error.

The original replication was not bad for duplicity. It contained a statement of some facts not strictly necessary to the issue, but it raised no other issue : Stephens on Pleading, 250, 365 ; Gould's Pleading, 394, 397; City *v.* Wister, 11 Norris, 404; Blair *v.* Singerly, 7 Phila., 230.

The replication being, therefore, good, the demurrer should have been overruled, and judgment of *respondeat ouster* entered, without a trial by the record.

It will be presumed that the issue raised was settled according to law: Gram's Appeal, 4 Watts, 43 ; Cromelien *v.* Brink, 29 Penna. Stat., 522; Spring Brook Road, 64 Penna. Stat., 451 ; Morgan *v.* Neville, 74 Penna. Stat., 52.

The division of the county did not *per se* oust the Court of Luzerne County of its jurisdiction.

Section 14 of the Act of 1878 is a legislative curiosity. If construed strictly according to its language, the occupation

[Hosie *et al. v.* McCann.]

of the officers of Luzerne County would have been gone indeed, and Lackawanna County would have enjoyed a monopoly of all proceedings for the two counties. To avoid a result so ridiculous and so repugnant to the purposes of the act and to all sane legislation, and, at the same time, to preserve both the language and the intent so far as possible, without a sacrifice of one to the other, the section is susceptible of but one construction. The words " and all records " must be referred to the words " The lien of " in the opening part of the section. The section would then run : " The lien of all mortgages, judgments, . . . and all records." After the specification of particulars, the words " all records " were evidently added as a sweeping phrase to include anything that might have been omitted in the bill of particulars. This is very common, and has been a fruitful cause of legal debate for centuries past, both in England and this country. It was done in this case as an excess of precaution to avoid any possible injury to vested rights. It is certainly clear that the legislature did not intend to remove all the things named in this section, and the subsequent Act of 1879 is a fair legislative admission that no adequate provision had been made for the removal of any. To construe this section as covering all judicial proceedings affecting real estate within the new county is not construction, but legislation, and would be preposterous if it were attempted by a competent power.

The act does not require but permits removal of causes.

If there is any difficulty of this kind, the defendants waived it.

The error in taking the judgment against Archbald, who was not served, may be cured by amendment: Prevost *v.* Nicholls, 4 Yeates, 479 ; Riddle *v.* Findlay, 6 S. & R., 227 ; Downing *v.* Lindsay, 2 Barr, 382.

The rules of Court should have been construed below.

MARCH 6TH, 1882.—PER CURIAM: We find no error on this record. The Court of Luzerne confessedly had jurisdiction when the action was commenced, and the act erecting Lackawanna is not imperative in requiring all cases to be removed. We think the replication to the plea was not double in the proper sense of the rule against duplicity. When judgment was given on the issue raised by the plea in abatement, it will be intended that a day had been given to bring in the record pleaded, and the Court had it before them. The fact that Archbald, one of the defendants, was not served, was a mere formal error, and could have been remedied by entering a *non pros.* as to him at any time.

Judgment affirmed.