JANUARY TERM, 1883, No. 364.                    MAY 16, 1883.

## Wagner *et al. v.* Henderson *et ux.*

1. In the absence of any agreement on the part of a married woman to bind herself or her land, the fact that she had knowledge of the use, in the improvement of her separate estate, of building materials which had been contracted for by her husband, will not render her liable in *assumpsit* on her husband's contract therefor.

2. A, the wife of B, was the owner of a certain lot of ground. B contracted with C to furnish the lumber necessary to build a house thereon. Upon a suit brought by C against A and B to recover the

[Wagner *et al. v.* Henderson *et ux.*]

value of the goods delivered under the contract, it was shown that a number of trades-people and mechanics employed in the work of erecting the house had received their instructions and had been paid by A. It was also in evidence that the lumber furnished by C, and used in the building of the house on A's land, was so furnished and used with A's knowledge.

*Held,* that the evidence was insufficient to submit to a jury, and that a non-suit was properly entered.

Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ. ; CLARK, J., absent.

Error to the Common Pleas of *Lancaster County.*

*Assumpsit* by J. H. Wagner, J. W. Muffley, and D. F. Wagner, doing business as the Watsontown Planing-Mill Company, against James B. Henderson and Rebecca Henderson, his wife. Pleas, *non-assumpsit*, and subsequently, by leave of Court, *coverture* for Rebecca Henderson.

On the trial, before PATTERSON, J., the following facts appeared:

The plaintiffs below operated a lumber and planing-mill at Watsontown, Northumberland county, and made and furnished boards, scantling, doors, windows, window-frames, sashes, blinds, mouldings, &c., whatever was needed to build or finish houses. The defendants, Henderson and his wife, lived at Maytown, Lancaster county, with their son, James D. Henderson, in whose name a general store was carried on there. In April, 1878, Mrs. Henderson became the owner of a lot of ground with an old building thereon, situated opposite the store in Maytown. Soon after, it was resolved by the Hendersons to build a dwelling-house upon this lot, and the necessary orders were given to architect, carpenters, hardware dealers, painters, and other trades-people and workmen, some of whom received instructions and payment from Mrs. Henderson, others from her husband, and some were paid by store orders.

In the summer of 1878, James B. Henderson ordered lumber for the house from the plaintiffs to the amount of $600. He agreed to give his notes for it at three and six months, and said he would give good indorsers. All the lumber shipped was charged to James B. Henderson.

*J. H. Wagner,* one of the plaintiffs, testified that the contract was made with J. B. Henderson ; that he was the only person he then knew in the transaction ; that he dealt with no one else ; that the credit was given to J. B. Henderson, and not to his wife. He further testified

[Wagner *et al. v.* Henderson *et ux.*]

that, about the 1st of September, 1878, having been informed that the house was being built on the wife's land, he went to Maytown, and remained at Henderson's over night. He testified that "Mrs. Henderson was very much pleased with the materials furnished. * * She took me out to the house, and showed me the plans, how she wanted the porches built. * * I think she had a flower put in front of the house, and she gave directions in regard to that." The witness received orders from James B. Henderson at this visit to continue his shipments of lumber, and, as before, shipped and charged to him only. The total amount of lumber furnished by the plaintiffs was $1,131 64, and the only credits were for a pair of shoes from the Henderson store, $3, and J. B. Henderson's check of October 18, 1878, for $100.

Upon the conclusion of plaintiff's testimony, defendants moved that a non-suit be entered, on the ground that there was not sufficient evidence to warrant a recovery against Mrs. Henderson.

The motion was granted, a juror was withdrawn, and judgment of non-suit ordered and entered.

A rule to strike off the non-suit was subsequently discharged, whereupon plaintiffs took this writ, assigning for error the action of the Court in not setting aside the judgment of non-suit.

*J. W. Johnson* (*H. M. North* with him) for plaintiffs in error.

The wife is liable in an action of *assumpsit* on her contracts for the necessary repair of her real estate: Lippincott *v.* Hopkins, 7 Smith, 328; Lippincott *v.* Leeds, 27 Smith, 422; Lyon *v.* Swayne, 7 Phila., 154. Or for building a house: Appeal of the Germania Bank, 14 Norris, 329.

She may make her contracts by an agent, and the husband may be her agent: Murphy *v.* Bright, 3 Grant, 296; Stoops *v.* Blackford, 3 Casey, 213; Buckley *v.* Wells, 33 N. Y., 518; Owen *v.* Cawley, 36 N. Y., 600; McLaren *v.* Hall, 26 Iowa, 297; Brownell *v.* Dixon, 37 Ill., 197.

She may employ him to have a house built for her: Murphy *v.* Bright, *supra.*

Whether the husband has or has not authority to act as agent of the wife is a question of fact to be decided by the evidence. It may be indirectly established, and is for the jury on the facts, circumstances, and relative situation of the parties: 2 Greenleaf on Ev., Sect. 60;

[Wagner *et al. v.* Henderson *et ux.*]

Paine *v.* Farr, 118 Mass., 77; Whedon *v.* Champlin, 59 Barb., 65; Valentine *v.* Packer, 5 Barr, 333; Woodwell *v.* Brown, 8 Wr., 121; Abbey *v.* Deyo, 44 N. Y., 344; Knapp *v.* Smith, 27 N. Y., 280.

The fact that an agent makes a contract without disclosing the name of his principal is immaterial in this case, and does not affect the rights of the parties if the agency existed, and that was for the jury: 2 Whart. on Ev., sect. 950, and notes.

The acts and declarations of the wife to the plaintiff, Wagner, on his visit in September, 1878, estop her from denying her husband's agency: Forrester *v.* Preston, 2 Pittsb. R., 298.

*J. Hay Brown* (*S. H. Reynolds* with him) for defendants in error.

In order that the estate of a married woman may be made to respond to a suit brought against her under the act of 1848, she must have contracted in her own behalf, and the evidence must as clearly prove this, as the pleading must aver it. The very essence of the transaction is that the creditor must have furnished the necessaries on her credit, and if not furnished on her credit, there can be no contract on her part to pay for them: Husbands on Married Women, 49; Berger *v.* Clark, 29 Smith, 340.

The case of Forrester *v.* Preston, relied on by plaintiffs, was a case of a mechanics' lien decided by the Court below. The facts in that case were different, and the proceeding was *in rem*.

October 1, 1883.—Per Curiam: This was an attempt to recover in an action of *assumpsit* a judgment against a man and his wife on a contract made with the man alone. It is true the lumber was used in the building of a house on the land of the wife with her knowledge. The evidence, however, does not show that she made any agreement for the purchase of the lumber whereby either she, personally, or her land should be bound. On the contrary, the evidence shows the only contract for the lumber was made with the husband in his own right. She was never asked to assume any liability. The effort now is not to recover on a contract which she did make, but on one which she did not make, and to which she was in no manner a party. The evidence was, therefore, insufficient to submit to the jury.

Judgment affirmed.