## Corcoran & Company, Plffs. in Err., *v.* Anna Trich.

Where a summons is issued against two as partners and both are served, but only one appears and pleads, it is error to proceed to try the case against both and enter a joint judgment against the two defendants. Such

a judgment is not only bad against both, but is not good as against the one who appears.

Where two persons are sued as partners and only one appears and pleads and he files an affidavit of defense denying the partnership and his indebtedness, it is error to admit as evidence the plaintiff's affidavit of claim, either on the ground that because the other alleged partner filed no affidavit of defense and thereby admitted the claim so far as he was concerned, or because the affidavit of the defendant who appears can be treated as an admission of anything.

(Argued November 1, 1887. Decided November 11, 1887.)

October Term, 1887, No. 161, W. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, and WILLIAMS, JJ. Error to the Common Pleas No. 2 of Allegheny County to review a verdict for plaintiff in an action on the case. Reversed.

This was an action on the case by Ann Trich, against James G. Corcoran and R. R. Gumbert, as partners, to recover from them for the boarding of their workmen at their instance and request, as she alleged. She filed an affidavit of claim with a bill of particulars setting out her claim in detail. Both defendants were served. As to Corcoran, no appearance was entered, no plea pleaded, and no issue joined.

Gumbert filed an affidavit of defense denying the existence of a partnership between himself and Corcoran, that he had any knowledge of the dealings of the firm of Corcoran & Co. with plaintiff and that he was indebted to plaintiff on any account. He also filed pleas of nonassumpsit, no partnership, etc.

The jury were sworn generally as to both defendants [1], under objection but without exception.

On the trial plaintiff's counsel offered in evidence so much of the affidavit of claim, as sets out the amount due the plaintiff as not being denied. Objected to by defendant Gumbert, for the reasons that the admissions of record made by Corcoran are not evidence against Gumbert and Gumbert's affidavit is a complete denial of plaintiff's claim. Objection overruled. Exception. [3]

The court, WHITE, J., submitted the evidence to the jury which showed visits by Gumbert to the stone quarry where the men were at work, that he had loaned money to Corcoran and assisted him in various other ways.

Verdict for the plaintiff against the defendant generally [2], and judgment thereon.

Defendant took this writ assigning for error: (1) The swearing of the jury generally; (2) the entry of the judgment against the defendants generally; and (3) the admission of the plaintiff's affidavit as above noted.

*Levi Bird Duff* and *L. B. D. Reese,* for plaintiffs in error.— This record discloses a suit against two persons, Corcoran and Gumbert, as partners, service upon both, appearance and plea by Gumbert alone, swearing of the jury, and verdict and judgment generally against both defendants. The judgment is erroneous. Nelson v. Lloyd, 9 Watts, 22; Donnelly v. Graham, 77 Pa. 274; Boaz v. Heister, 6 Serg. & R. 20.

Whenever a settled partnership is first established, the admissions of one partner are admissible against his fellow partners. when made as to partnership affairs during the continuance of the partnership. Wharton, Ev. § 1194.

No ground was laid for putting in evidence the admissions of Corcoran, either by proof of partnership or that the admissions were made during the existence of the partnership. The affidavit of claim was offered and admitted generally as evidence in the cause, on the ground that Gumbert's denial of the indebtedness was not sufficient. This was error. Hogg v. Orgill, 34 Pa. 344.

A copartnership may adopt any name, it may perhaps do business and contract debts without a name, but when it adopts, or becomes known by a certain name, only contracts made in the name of the firm bind it. Every partner is the agent of the firm; but "It must be remembered that a partner binds the firm necessarily only when he uses the name of the firm." Parsons, Partn. p. 95.

*T. C. Jones* and *J. S. Ferguson,* for defendant in error.— Plaintiff in error Gumbert did object to the jury being sworn as to both defendants; but on the overruling of his objection he neither asked for nor obtained a bill of exceptions. If he had, the proposed irregularity—if it was one—might have been cured then and there. But the practice followed in this respect, and in the entry of the judgment certainly did not hurt him; Corcoran is not complaining. There is in this case but one final

judgment. Nelson v. Lloyd, 9 Watts, 22, and Donnelly v. Graham, 77 Pa. 274, differ radically as to their facts from the case in hand, and do not sustain the proposition for which they are cited.

OPINION BY MR. JUSTICE GREEN:

In this case a writ of summons was issued against two as partners. Both defendants were served. As to one of them no appearance was entered, no plea was pleaded, and of course no issue was joined. The jury were sworn generally as to both defendants, under objection but without exception; a verdict was taken and judgment entered against both. Error is now assigned to the entry of the joint judgment; and as all the matters above stated appear upon the record, we are bound to take notice of it.

The question as to the validity of this judgment is clearly ruled by the case of Donnelly v. Graham, 77 Pa. 274. There four were sued, three were served, the declaration was filed against the three charging them as partners, together with the one not served; one of the three did not appear nor plead; two pleaded and the verdict and judgment was against the three generally. We held that in order to obtain a judgment against the two who pleaded, an interlocutory judgment must first be entered against the one who neither appeared nor pleaded, and that the general judgment against the three was not only bad against the three, but also against the two, and therefore must be reversed. The case is precisely parallel with the present, and requires the reversal of the latter.

We think also that Gumbert's affidavit of defense was a sufficient denial of the plaintiff's claim, and therefore that the affidavit of claim was not admissible against him, either because Corcoran filed no affidavit of defense, and thereby admitted the claim so far as he was concerned, or because Gumbert's affidavit can be treated as an admission of anything. When Gumbert denied the partnership and all or any indebtedness due by himself to the plaintiff, either as a partner with Corcoran or individually, he cannot be regarded as having admitted any part or the whole of the plaintiff's claim. The second and third assignments of error are sustained.

Judgment reversed and new *venire* awarded.