# Heinneman v. Miller and Wife.

In a suit against husband and wife in a joint action, one only being served, the one not served failing to appear, there is no authority for entering judgment against both.

Where upon a joint action as to one, it cannot be reversed as to one, and affirmed as to the other.

SERVICE OF SUMMONS—JURISDICTION—CONTINUANCE—CONFESSION OF JUDGMENT—JOINT ACTION AGAINST HUSBAND AND WIFE—CERTIORARI.

No. 171, February Term, 1901, C. P. of Luzerne County.

E. F. McGovern, Esq., for exceptions.

Charles Bohan, Esq., contra.

Opinion by WHEATON, J., Sept. 6, 1901.

Summons in Assumpsit, issued Dec. 21, 1900, to S. Olmstead, Constable, returnable December 31, 1900. Returned served on oath December 26, 1900, by producing the within original summons to defendants and informing them of the contents thereof. Now, December 31, 1900, continuance granted on mutual consent of parties interested to January 7, 1900, at 10 a. m. Now, January 7, 1901, 10 a. m., both parties appearing, defendant confesses judgment in the sum of $102.05 and costs of suit. Now, January 28, 1901, execution issued to R. E. Bennett, Constable.

Luzerne County, ss:

I certify that the above is a correct transcript of the proceedings had before me in the above suit, and of record on my docket. Witness my hand and seal this 29th day of January, 1901.

Morgan E. Beynon, Ald.

### EXCEPTIONS BY DEFENDANTS.

First: The Alderman had no jurisdiction over the wife of George Miller for the reason that she was never served, never appeared before the Alderman, and never confessed any judgment.

Second: The Justice had no jurisdiction to enter judgment against the defendant, George H. Miller, for the reason that he never confessed owing to the plaintiff anything.

Third: The Justice had no jurisdiction to issue execution for the reason that there was no judgment on his docket upon which to base said execution.

Fourth: The Justice had no jurisdiction, as there is nothing upon the record which shows the cause of action, whereby the jurisdiction attaches.

Fifth: That the allegation in the transcript, that the defendants appeared and confessed judgment, is false and fraudulent and was entered by the Justice in collusion with the plaintiff.

Sixth: General exceptions.

E. F. McGovern,
Attorney for Defendant.

## SUPPLEMENTAL EXCEPTIONS:

First: The Justice had no jurisdiction to enter judgment against the defendants by confession, for the reason that they did not appear voluntarily before him for the purpose of confessing judgment.

Second: The Justice had no jurisdiction to enter judgment against the defendants by confession, for the reason that the record shows that they were there in response to process served upon them, and not voluntarily.

Third: That the record and testimony show that the amount of judgment was not agreed upon, nor did they leave it to the Justice to be ascertained from mutual accounts submitted to him.

Therefore, the Justice had no jurisdiction to enter judgment against the defendants.

E. F. McGovern,
Attorney for Defendants.

The depositions taken to support the exceptions filed for

Heinneman v. Miller and Wife.

the certiorari show that the wife was never served, that she lived separate and apart from her husband, although man and wife.

Certiorari issued from the Common Pleas January 29, 1900.

OPINION:

WHEATON, J.: Assumpsit against man and wife. Joint action. Summons never served on wife and she never appeared. As to her, therefore, the Justice had no jurisdiction. Man was served and appeared. Consented to continuance, and appeared the second time. Transcript shows that defendants confessed judgment in the sum of $102.05, but the woman was never there or represented. Judgment for that amount was entered against both defendants and execution was issued against both. This was clearly erroneous. Where two are sued in a joint action, and only one is served with process, the one not served failing to appear, there is no authority for entering judgment against both. And where, upon a joint action as to one, it cannot be reversed as to one and affirmed as to the other. Boag v. Hester, 6 S. & R., 20; Donnelly v. Graham, 77 Pa., 274. Even though they be man and wife. Murphy v. McCutcheon, 95 Pa., 435.

Exceptions sustained.

Reported by G. Fred Lazarus, Esq.,
Wilkes-Barre, Pa.