## Ziernicki v. Gazdzik et ux.

*Husband and wife—Contract of husband—Work on premises owned jointly by husband and wife—Parties—Joint action—Several verdict—Amendment.*

1. No liability attaches to a wife for her husband's contract, even though she be a joint owner with him in the premises affected thereby, in the absence of some affirmative act of hers making her husband's contract her own.

2. Where a suit is brought against a husband and wife on a contract made by the husband, and it appears that the wife is not liable, but that the husband is, and a verdict is rendered for the plaintiff, judgment will not be entered for plaintiff unless he enters a *nolle prosequi* as to the wife and has the record amended by striking her name from it as a party defendant.

Rule for judgment *n. o. v.* C. P. No. 5, Phila. Co., March T., 1921, No. 7872.

*Joseph V. Somers,* for plaintiff; *B. Z. D. Oliensis,* for defendants.

PRATHER, P. J., 30th judicial district, specially presiding, March 9, 1923.— Plaintiff, a contractor, entered into a written contract with defendant, Jakob Gazdzik, to rebuild and enlarge a certain building in the City of Philadelphia, which was occupied by Jakob Gazdzik with his wife as a dwelling-house and store building. It was pleaded and conceded that the work was done pursuant to said written contract. Plaintiff joined Jakob Gazdzik's wife as a party defendant, averring that the written contract declared upon was executed by Jakob Gazdzik in his own behalf and for his wife.

The defence was two-fold. First, that Jakob Gazdzik did not act for and in behalf of his wife in the execution of said contract, and that she had never ratified the same. Second, that the contractor had not substantially complied with his contract, and, if so, his claim for extras was excessive.

Upon these issues of fact the jury found in favor of the plaintiff and returned a verdict accordingly.

Our first inquiry is whether the proofs were sufficient to sustain a verdict against the defendant, Maria Gazdzik. Upon this branch of the case we are clearly satisfied they were not. The wife's relation to this contract was never discussed between the contracting parties. Making her a party defendant is apparently an afterthought. No liability attaches to a wife for her hus-

band's contract, even though she be a joint owner with him in the premises affected thereby, in the absence of some affirmative act of hers making her husband's contract her own. See Wagner *v.* Henderson, 3 Penny. 248; Pugh *v.* Nell, 6 Dist. R. 459; Donelly *v.* Keller, 27 Pa. C. C. Reps. 388.

Our next inquiry is whether a joint action will sustain a several verdict. This question must also be answered in the negative.

In Wolf *v.* Hostetter and Jacobs, 182 Pa. 292-294, the Supreme Court said: "As was well said in Fawcett *v.* Fell, 77 Pa. 308, 'it is elementary law that there can be no recovery in an action *ex contractu* against several defendants unless they are jointly liable, and there can be no joint liability if the contract is not joint, but several.' " See, also, Hibberd *v.* Hubbard, 211 Pa. 331; Murdy *v.* McCutcheon, 95 Pa. 435; Murtland *v.* Floyd et al., 153 Pa. 99; Donnelly *v.* Graham et al., 77 Pa. 274; Minnich *v.* Railway Co., 203 Pa. 632.

It, therefore, follows that upon the proofs and pleadings when the case was submitted to the jury, plaintiff was not entitled to recover. But it also appears that plaintiff had a meritorious claim against Jakob Gazdzik, that all the proofs in support and in denial of said claim were fully offered and that the case was fairly presented to the jury. No good purpose would, therefore, be served in requiring the parties to incur the costs of a new trial in the presentation of the same facts to determine the same issue, differing only in respect to the elimination of Maria Gazdzik as co-defendant.

Had the plaintiff, at the time of the trial, amended his pleadings to correspond to the facts and to the legal inferences flowing therefrom, he would have been entitled to a verdict against Jakob Gazdzik. The law permits such amendment to be made, even after verdict and prior to the entry of judgment thereon.

Williams *v.* Hay, 120 Pa. 485, was a joint action against husband and wife. The defence was the wife was not jointly liable with her husband. The record was amended after verdict by striking the wife's name therefrom. See, also, Scrantonian *v.* Brown, 36 Pa. Superior Ct. 170.

In the case of Ganzer *v.* Fricke, 57 Pa. 316, the action was against Conrad, Ganzer and Fisher as partners. The proofs did not sustain an action against Conrad, and his name, after verdict, was stricken from the record as a joint defendant. Upon this question the Supreme Court said: "At common law, a joint action of *assumpsit* against three could not be supported by evidence that the contract was made by two only. The misjoinder of the third person, who was no party to the contract, could not be cured by a *nolle prosequi.* But the acts relating to amendments, passed April 16, 1846, § 2, P. L. 353, and April 12, 1858, § 1, P. L. 243, embrace this case. There being no sufficient proof on the trial that Conrad was a partner, this fact was pressed upon a motion for a new trial, and the judge refused the motion on the condition of the plaintiff's entering a *nolle prosequi* as to him. This was merely equivalent to an amendment by striking out Conrad's name. He could have done this before verdict, and we see no reason why it should not be done after verdict."

In the case of Einfeld *v.* Shermer, 56 Pa. Superior Ct. 4-14, the Superior Court, in discussing the right of a plaintiff to amend his pleadings by a *nol. pros.* as to any party defendant, said: "We find that it has been well decided that in actions on contracts, as distinguished from real actions, a *nol. pros.* may at any time be entered as against one or more of several joint defendants: Hosie *v.* McCann, 2 Penny. 133. Such a *nol. pros.* may be entered even after verdict: Ganzer *v.* Fricke, 57 Pa. 316; and a *nol. pros.* may be entered in the appellate court: Ward et al. *v.* Taylor, 1 Pa. 238." See Pittsburgh-Texas Gas and Oil Co. *v.* Adams et al., 79 Pa. Superior Ct. 511.

3 D. & C.

We are, therefore, of the opinion that plaintiff is entitled to his judgment against Jakob Gazdzik only, and only against him upon the condition that he enter a *nolle prosequi* as to Maria Gazdzik, and have his pleadings so amended that the name of Maria Gazdzik shall be stricken therefrom as a joint defendant. A motion will, therefore, be entertained to this effect.

### Order.

Now, March 9, 1923, it is ordered that unless plaintiff shall enter a *nolle prosequi* as to Maria Gazdzik and shall file his motion to amend the record by striking her name therefrom as party defendant within fifteen days after notice of the filing of this order, then defendant's rule for judgment *n. o. v.* to become absolute; but if plaintiff shall enter such *nolle prosequi* and file such motion to amend within the time specified, then such amendment shall be marked allowed by the prothonotary. And defendant's rule for judgment *n. o. v.* as to Jakob Gazdzik shall be marked discharged. And thereupon judgment shall be entered in favor of plaintiff and against the defendant, Jakob Gazdzik, according to the verdict, upon the payment of the proper jury fee.